EDNA NICHOLS v. THE STATE.

No. 14785. Delivered February 10, 1932.
Rehearing Denied May 25, 1932.

220

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile on a public highway while intoxicated; punishment, a fine of $50 and thirty days in the county jail.

Our attention is called to the fact that the verdict of the jury fixed the punishment at a fine of $50 and thirty days confinement in the county jail, but in passing sentence the trial court failed to take notice of the fact of the assessment of the fine mentioned. The sentence will be reformed so as to conform to the judgment, and direct the imprisonment of appellant in the county jail for the term fixed, and until the fine mentioned and costs are paid.

The indictment in this case contained two counts, one charging that appellant while intoxicated operated an automobile upon Colorado street, a street of an incorporated town, to-wit: Coleman, Texas; the other count charging that appellant while intoxicated operated an automobile upon a public highway in Coleman county, Texas. The court in his charge told the jury that if they believed from the evidence, beyond a reasonable doubt, that appellant while intoxicated operated an automobile upon Colorado street in the town of Coleman, and that same was then and there used and traveled by the public as a street and thoroughfare, they should find her guilty as charged in the second count. This was excepted to. In paragraph three of the court's charge, among other things, the court told the jury if they had a reasonable doubt as to whether Colorado street in Coleman, Texas, was a public highway at the time alleged, they should find appellant not guilty. Appellant's bill of exception No. 10 complains that a state witness, the county clerk of the county, was allowed to testify that he knew where Colorado street in Coleman, Texas, was, and that it was used by the public and open to

traffic in 1930, and prior thereto and since. Bill of exception No. 11 complains that by appellant when a witness, the state was allowed to show, on cross-examination, that she knew where Colorado street was, and that it was a street and open to traffic. The testimony established that the driving of the car was upon Colorado street in Coleman, Texas, and this was a street then used by the public and open to traffic. Appellant also asked a special charge instructing the jury to acquit upon the ground that the state had failed to make out a case.

The question thus arises as to what is a public highway or road in the sense that term is used in article 802, P. C. The object of said statute is to protect the general public while using ways which are open to the public,—from dangers incident to the operation thereon of automobiles by those who have made themselves unfit for such operation by the use of intoxicating liquor.

In our opinion the words "public road or highway" in said statute were used to differentiate same from private roads. See section 6701, Revised Civil Statutes, 1925, quoted in our opinion in Wood v. State, 119 Texas Crim. Rep., 352, 45 S. W. (2d) 599, handed down January 27, 1932. We further believe that the allegations in the second count were sufficient; also that by oral testimony of persons reasonably familiar with such use, it may be shown that such street, road or highway is public, that is, one used or open for use and traffic by the public. Questions as to the time or manner of dedication, title to the soil, place of location,—as within a city, town or in the country, or questions of private rights and privileges, becomes ordinarily immaterial upon a trial when the indictment charges that the place of such violation, in a case like this, is upon a public road and highway, and when the testimony of witnesses be without contradiction that such road is open or used for traffic by the public generally. There must of necessity be legislative authority to enact laws to protect the people in their exercise of all public rights, and it would be intolerable to think that when investigating the criminal liability of the drunken driver of an automobile on a roadway, more or greater proof would be required to establish the character of the road, than that it was or is open for the use, or used by the public for traffic. Such being the allegation here, we think the charge of the court correct, and the testimony complained of admissible, and that no error was presented by the refusal of the special charge. See Elliott on Roads and Streets, vol. 1, chaps. 1, 2 and 5. Also sections 1-4, volume 13, R. C. L., and sections 208, et seq. of the same volume; Wood v. State, supra. We are not writing of a case, nor laying down rules applicable to a case, in which private rights or privileges may be involved from any angle,—but of a case in which one user of a road or highway breaks reasonable rules laid down by law for the safety of all other users of such road or highway.

We might add that it was shown that Colorado street referred to was a street of Coleman, Texas, judicially known to us to be the county seat of Coleman county, Texas, and also having a population of exceeding 6,000 people, as ascertained by the last Federal census. Under all the authorities every street in a city or town is a highway, though not every highway is a street.

We have examined each of the other bills of exception presented in the record and are of opinion that none of them present error.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—That the appellant was driving an automobile upon the public street while she was in a state of intoxication is very definitely affirmed by the state's witness Freese, a highway patrolman, who saw her and described her conduct in endeavoring to control the car which she was driving. A witness who rode in the car with the appellant sometime before her arrest but who was not with her when she was arrested, claims that she was not intoxicated. Other witnesses were introduced giving testimony tending to controvert the state's claim and testimony that the appellant was under the influence of intoxicants. In her own behalf the appellant testified and denied that she was intoxicated or had been drinking intoxicants. The deputy sheriff who arrested the appellant and put her in jail testified that she was intoxicated and that the odor of whisky was on her breath and about her. The officer also testified that the man who was with the appellant in the car at the time of the arrest was intoxicated.

In his motion for rehearing the appellant reiterates various matters which were before the court on the original hearing.

From bill of exception No. 9, it appears that the appellant proposed to inquire of Sumrall, the deputy sheriff, who arrested the appellant, if it was not his custom in most all cases when he made an arrest, to testify that the accused was drunk. It appears in the bill that the appellant expected the witness to answer that he did think that most parties that he arrested for drunkenness were drunk. The relevancy of the expected testimony is not perceived.

Regarding the disposition of Bill No. 10, as discussed in the original opinion proper, we pretermit a further discussion of it.

The announcement made in the original opinion with reference to the law governing the public highway as relating to the offense under consideration, is regarded as sound.

From Bill No. 12, it appears that sitting on the seat with the appellant at the time of her arrest was a man named Hale. Evidence that Hale was intoxicated was received after the district attorney had made

his opening remarks but before the argument was closed. The testimony that Hale was put in jail was withdrawn from the consideration of the jury. The bill is qualified with the statement that during his argument, counsel for the appellant raised the question as to what became of the man, asserting that he was not drunk or the state would have shown the same. By article 643, C. C. P., discretion is conferred upon the court to hear evidence at any time before argument is closed. It is thought that the discretion is not shown to have been abused, particularly in view of the remarks of the appellant's counsel to which reference is made above.

Bill No. 13 relates to the testimony touching the streets of the city which, as above stated, was discussed and properly disposed of in the original opinion.

In Bill No. 14, it appears that appellant's counsel, in his argument, made the remark about the witness "Freeze being a highway patrolman looking like a show horse on dress parade", and that the district attorney responded with the remark that "Freeze was not a speed cop, but a highway patrolman, and that he goes around assisting people in trouble and moves glass from the highways and streets. " Objection to the statement of the district attorney upon the ground that the remark was testimony and not argument and that it was prejudicial was overruled and exception reserved. According to the statutory law of the state, the highway patrolmen are vested with the rights and powers of peace-officers and charged primarily with the enforcement of laws relating to vehicles and traffic on the public highway. See chapter 164, Acts of 42d Leg., Reg. Sess. (Vernon's Ann. P. C., art. 827a, sec. 16 et seq.), amending previous laws touching highway patrolmen. Remarks of state's counsel following a statement out of the record by appellant's counsel are not regarded as furnishing any proper basis for the overturning of the verdict of the jury.

Bill No. 16 complains of the testimony of the witness Freeze describing the movements of the car in which the appellant was arrested, together with the other testimony of the witness which described the conduct of the appellant and her efforts to manage the car which she was attempting to drive, presents no error.

Bill No. 17 relates to the same matter as that discussed in Bill No. 14. However, Bill 14 complains of the remarks of counsel, while Bill 17 complains of the refusal of the court to withdraw them. A further discussion of the matter than that made concerning Bill 14 is deemed unnecessary.

From Bill No. 18, it appears that the witness Baum, introduced by the appellant, testified that a short time before starting on the ride during which she was arrested, he was with the appellant and that at that time he observed no odor of liquor upon her breath and that she was not intoxicated. Counsel for the state remarked to the jury: "You do not

believe his testimony. You know that every time a defendant is charged with an offense of this kind, that they bring a witness to prove the state's evidence is not true." Counsel for appellant objected to the remark and made a written request to withdraw it. We think it should have been withdrawn, as it was improper. The remark of state's counsel cannot be based upon facts not in the case on trial. However, we are impressed with the view that the nature of the remark, considered in the light of the entire record, is not such as to warrant this court in ordering a reversal of the judgment.

Aside from the matter just mentioned, the bills of exception are not regarded as presenting any error. On the whole record, we think that in ordering an affirmance of the judgment on the original hearing, the proper disposition was made of the appeal.

The motion is overruled.

*Overruled.*