This is a conviction for drunken driving, with punishment assessed at a $50 fine and three days in jail.

The American half of the international bridge connecting the city of Juarez in the Republic of Mexico and the city of El Paso, Texas, in the United States, is a toll bridge and is used by the public as well as transportation companies as a public highway and thoroughfare. A toll fee is charged for such use.

The evidence is that appellant drove his automobile, while intoxicated, across the bridge from Juarez, Mexico, and after he had crossed the boundary line into the United States, and the city of El Paso, was arrested and taken into custody before leaving the bridge.

The appeal is predicated upon two propositions.

 It is insisted that the proof failed to show that the city of El Paso is an incorporated city, as alleged in the information.

The charter of the city of El Paso is on file in the office of the Secretary of State of

this state. This court takes judicial knowledge of that fact and therefore that it is an incorporated city. Fuller v. State, 116 Tex.Cr.R. 310, 32 S.W.2d 358; Farmer v. State, 119 Tex.Cr.R. 212, 43 S.W.2d 588.

 The other proposition is that the bridge was not a public road or highway within the meaning of the statute, art. 802, Vernon's Ann.P.C., prohibiting the driving and operation of motor vehicles while intoxicated.

The bridge was open to the use of and at the time was being used by the public in general as a highway and thoroughfare. We deem this sufficient to constitute the bridge a public road within the statute prohibiting drunken driving. Wood v. State, 119 Tex.Cr.R. 352, 45 S.W.2d 599. Moreover, the general and accepted rule appears to be that a toll road or turnpike is a public highway within the meaning of statutes regulating the driving and operation of motor vehicles thereon. 54 Am.Jur., Turnpikes and Toll Roads, Sec. 3, p. 495.

We are constrained to conclude that the facts support the conviction.

The judgment is affirmed.

**Vidal HIDALGO**

v.

**STATE.**

No. 27419.

Court of Criminal Appeals of Texas.

Feb. 9, 1955.

Albert Armendariz, Mauro Rosas, El Paso, for appellant.

Leon Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is a conviction for drunken driving with punishment assessed at a fine of $50 and three days in jail.

As we understand this record, the holding and conclusion expressed in Salazar v. State, Tex.Cr.App., 275 S.W.2d 112, are applicable and controlling here.

For the reasons there assigned, the judgment is affirmed.