### JAMES BROWN, JR. V. STATE

No. 28,298. May 9, 1956.

*John P. Spiller*, Houston, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty and assessed a term of six months in jail and a fine of $200 upon a complaint and information alleging that while intoxicated and under the influence of intoxicating liquor he drove and operated a motor vehicle upon a public road in Galveston County.

It is undisputed that appellant was the driver of an automobile which struck and injured a nine-year-old boy "on West Beach" and there is sufficient evidence to sustain a finding that appellant was at the time intoxicated.

The appeal is predicated upon the contentions that there is not sufficient evidence to show that appellant drove such automobile upon a public road and that the proof, at most, showed that the automobile was driven on the beach in violation of Art. 827f V.A.P.C. and did not show a violation of Art. 802 V.A.P.C., as alleged in the complaint and information.

Art. 827f V.A.P.C. provides that such act shall not apply to those portions of beaches which are public roads or public highways, and that nothing therein should in any manner affect or alter existing laws governing the operation of motor vehicles upon public roads and public highways of this state. It defines the term "beach" as that portion of the shore between high and low water marks over which the "tides ebb and flow" where persons congregate at any time "which is not a public road or a public highway within the meaning of Art. 802 of the Penal Code as amended by Chapter 507, Acts of the Regular Session of the Forty-Seventh Legislature, 1941.

In view of the foregoing provisions of Art. 827f, V.A.P.C., the sole question for our determination is whether or not there is sufficient evidence to support the finding by the jury that the place where appellant drove the motor vehicle was a public road.

In Salazar v. State, 161 Tex. Cr. Rep. 98, 275 S.W. 2d 112, a bridge open to the use of and at the time being used by the public in general as a highway and thoroughfare was held to be a public road within the statute prohibiting drunken driving.

Wood v. State, 119 Tex. Cr. R. 352, 45 S.W. 2d 599, was cited in support of such holding. There it was pointed out that it was not essential that the state prove a designation by the commissioners' court or a prescriptive use, and that a road could be shown to be a public road by other evidence.

Appellant testified that immediately before the accident he was "on West Beach traveling East."

"Q. Now, what was the little boy doing? A. He was trying to cross *the street*. He ran out from in between the cars in *the street*. He was about half-way *in the street* because I was driving on the right. * * *

"Q. But you can remember that you saw the boy running out there? A. The child you mean, sir. Yes, sir. I remember seeing him running *across the street*. * * *

"Q. Was that when you started back down the street? A. Yes, sir. I went back down to the beach *to the end* and turned around and was coming back when this happened. * * *

"Q. Then how far down the beach did you go before you came back and turned East? A. I went a good distance.

"Q. A good distance? A. Yes, sir. A good distance. I went *almost to where the road went out*. I don't know how far we went out the beach west."

Highway Patrolman James M. Bell testified that he investigated the accident on West Beach; that appellant said he was traveling east on West Beach and a little boy ran *across the road and* he struck him; that the *speed limit there* was twenty miles per hour.

On cross-examination Bell testified:

"Q. Well, I'm talking about this lane where you said the skid marks came up to the car. Is that *a lane for the regular traffic?* A. Yes, sir. It was in a regular lane. * * *

"Q. Cars travel all over the beach don't they? A. They travel all over it and it mashes the sand down, but when you hit your brakes on that sand, it wrinkles it up. It throws it out on the side of the traction caused by your car.

"Q. The traffic on that beach is not regulated by the highway department, is it? A. By the county.

"Q. By the county? A. Yes."

Mrs. Jackie Bradshaw testified that she was driving west on the beach and appellant drove past her, after which she heard a thud. As to the traffic on the beach, she testified:

"Q. There is no well defined road-way there, is there? A. There is one that everyone uses and I imagine that's what it's there for.

"Q. Sometimes, though, that roadway may be down next to the water, isn't that true? A. I'd say it depended on the tide. Sometimes when the tide is way in, the traffic moves on up the beach.

"Q. You know how that traffic moves, don't you? You know as the tide comes in, the traffic moves farther and farther back, don't you? A. Yes."

The facts stated are deemed sufficient to support a finding that the place on the beach where appellant was driving an automobile and where he ran into the boy was a public road whereon the driving of a motor vehicle by an intoxicated person is prohibited by Art. 802 V.A.P.C.

The judgment is affirmed.

MORRISON, Judge, dissenting.

I cannot bring myself to agree with the opinion of my brethren herein. There is an entire absence of any showing that the portion of the beach where this offense occurred was main-

tained by any governmental authority as a public road. In fact, the father of the injured child testified,

"A.   Well, sir, there's no road there * * *

"Q.   No road there? A.   None marked off."

Another state's witness testified as follows:

"A.   I'd say it depended on the tide. Sometimes when the tide is way in, the traffic moves on up the beach.

"Q.   You know how that traffic moves, don't you? You know as the tide comes in, the traffic moves farther and farther back, don't you? A.   Yes.

"Q.   There is really no beach road down there. You say you first saw James Brown a block in front of you? A.   Yes."

When the legislature enacted Article 827f, V.A.P.C., they intended, as I see it, that such article should be employed in all prosecutions for driving on the beaches of this state except those places where a well-defiined and regularly maintained roadway might be found.

I respectfully enter my dissent.