JIMMIE McCREARY v. STATE

No. 29,116. October 9, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 8, 1958.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *C. C.* Castles, Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted of murder without malice under Art. 802c, Vernon's Ann. P.C.; the punishment, five years in the penitentiary.

The evidence of the state shows that the appellant while intoxicated drove his automobile on a six-lane freeway, and while driving it south on the inside lane of the three lanes provided for traffic travelling north, suddenly turned his automobile from the inside lane into the middle lane and ran head-on into an automobile travelling north.

Appellant, while testifying, admitted that he was driving his automobile at the time and place in question but denied that he was intoxicated. He further testified that he was driving his car on a temporary roadway leading from the east side across to the west side of the freeway so he could travel south on it and that when he was about to enter the inside lane of the three lanes on the east side for north-bound traffic, an Oldsmobile driven at a high rate of speed came from the south in the inside lane and forced him to suddenly turn his car to his left (south) into the center lane to avoid being struck and after turning he travelled only a few feet before his car collided with a car travelling north in the center lane.

In his brief, appellant contends that the indictment does not charge an offense because it fails to allege that the death of the deceased was caused by appellant's impaired driving due to intoxication.

The indictment alleges that the appellant was intoxicated while driving an automobile on a public highway at the time in question and that he did while so driving his automobile through mistake and accident kill the deceased by causing it to collide with the automobile occupied by the deceased. The instant indictment substantially conforms to the allegations charging said offense as set out in Willson's Criminal Forms, Sixth Ed., Sec. 1667. It sufficiently charges an offense under Article 802c, Vernon's Ann. P.C. Houston v. State, 143 Texas Cr. Rep. 460, 158

S.W. 2d 1005; Baggett v. State, 154 Texas Cr. Rep. 618, 229 S.W. 2d 801.

It is insisted that the place where the collision occurred was not a public street because it had not been so designated by city ordinance and that it was not a public road or highway in that it was then under construction and had not been completed, and opened to the public. Therefore, the driving and operation of motor vehicles thereon while intoxicated was not prohibited under Art. 802, Vernon's Ann. P.C.

The record shows that the collision occurred within the limits of the city of Houston.

It is not essential that the proof show a designation of the street by the city because there may be other evidence showing it to be a public road or highway. Wood v. State, 119 Texas Cr. Rep. 352, 45 S.W. 2d 599; Brown v. State, 163 Texas Cr. Rep. 170, 289 S.W. 2d 942. The testimony shows that the area of the freeway where the collision occurred was open to the use of and at the time was being used by the public in general and it was a public highway within the meaning of the statutes regulating the driving and operation of motor vehicles thereon. Salazar v. State, 161 Texas Cr. Rep. 98, 275 S.W. 2d 112; 3 Branch 2d Ed., 497, Sec. 1493.

Error is urged in the admission in evidence of a blood specimen over appellant's objection that it was not properly traced and identified as being the same specimen taken from him.

Officer James, while testifying, identified a vial which he stated he held while a physician removed a specimen of blood from appellant's arm and placed it in the vial; that he then sealed the vial, marked it for identification, and placed it in Chemist McDonald's locked box in the identification bureau of the police station.

Chemist McDonald, a witness for the state, identified the vial in question as the one he took from the locked box in the police station and then removed the seal and analyzed the blood specimen in the vial to determine its alcoholic content.

The blood specimen was sufficiently traced and identified to authorize its admission in evidence.

Appellant contends that the court erred in admitting in evi-

dence the results of a test of a blood specimen taken from him on the ground that the state had failed to show that the specimen was taken with his consent.

There was an issue made on the trial as to whether the appellant consented to the taking of the blood specimen or was unconscious at the time the blood sample was taken and could not have given his conscious consent.

The court charged the jury that if they believed the appellant did not consent to the taking of the blood specimen or if he was unconscious at the time it was taken, or if they had a reasonable doubt thereof, then not to consider said evidence for any purpose.

The court's charge fairly and adequately protected appellant's rights on the issue of whether he gave his consent. Under the record no error is shown in the admission of the results of the blood test.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Approved by the Court.