THOMAS FRANCIS TRACEY V. STATE

No. 33,646.   October 2, 1961
Motion for Rehearing Overruled November 15, 1961

*Leland D. Sutton*, Abilene, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The evidence from the standpoint of the state sustains the jury's finding that appellant drove an automobile on Arnold Boulevard, inside Dyess Air Force Base, in Taylor County, Texas.

The question for our decision is whether said Boulevard was a public road, street or highway. If so, the judgment should be affirmed. If not, the conviction must be reversed for insufficient evidence.

The court instructed the jury that a public highway, as used in the court's charge, "means a highway that was open on the date in question for use and traveled by the public."

The evidence shows that Arnold Boulevard was open and was traveled by the public on the date appellant drove thereon while intoxicated, though the evidence further shows that Dyess Air Force Base was fenced; the Boulevard was built by the government; there were gates which at times were closed and the Base Commander and those under his command were responsible for the controlling of vehicular traffic on its roads and could and would, at times in their discretion, obstruct all entrances and bar admittance to anyone that wanted to enter.

In Nichols v. State, 120 Tex. Cr. R. 219, 49 S.W. 2d 783, 784, we said: "it would be intolerable to think that when investigating the criminal liability of the drunken driver of an automobile on a roadway, more or greater proof would be required to establish the character of the road, than that it was or is open for the use, or used by the public for traffic."

In Baisden v. State, 125 Tex. Cr. R. 480, 68 S.W. 2d 1044, the collision occurred on a highway which was under construction, gates having been built across it. The gates had been opened by the construction company and the highway was being used by the public. Citing Nichols v. State, supra, it was held that the collision occurred on a public highway.

In Thurman v. State, 167 Tex. Cr. Rep. 21, 317 S.W. 2d 737, we held that a by-pass road under construction, closed to through traffic but being used by persons other than the contractor and the Highway Department, was a public road.

In Brown v. State, 163 Tex. Cr. R. 170, 289 S.W. 2d 942,

we held that the portion of the beach used for traffic was a public road under Art. 802 V.A.P.C.

In McCreary v. State, 165 Tex. Cr. R. 436, 307 S.W. 2d 948, we held that an unfinished area of a freeway being used by the public in general, though not designated and opened by the city, was a public highway within the meaning of Art. 802 V.A.P.C.

In Salazar v. State, 161 Tex. Cr. R. 98, 275 S.W. 2d 112, we held that a toll bridge which was open to the use of and was being used by the public as a highway and thoroughfare was a public road within the statute prohibiting drunken driving.

O'Sullivan v. Brown, 171 Fed. 2d 199, cited by appellant, may be distinguished by the fact that to enter the premises there in question one of the general public must arrange for a pass from the building manager or the Army personnel in charge, and once inside the grounds, the visitor is under military escort.

In the recent case of United States v. Barner, U.S.D.C. Cal., May 18, 1961, the roadways on McClellan Air Force Base in California were held to be highways under the State Statute defining drunken driving. (Sup. Ct. R., Vol. 81 - No. 15, Judicial Highlights).

The judgment is affirmed.