**Lonnie Lee MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39266.

Court of Criminal Appeals of Texas.

May 18, 1966.

Rehearing Denied June 22, 1966.

Bill Wardlaw Brown, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., John H. Chambers, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION
ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

WOODLEY, Judge.

The record having been perfected, the appeal is reinstated and our prior opinion is withdrawn.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $50.

Trial was before the court upon a plea of not guilty.

The undisputed and stipulated evidence shows that appellant drove a motor vehicle while he was intoxicated and caused it to strike an automobile which was parked on the parking lot of Chenault's Drive-In, located in Ft. Worth. Neither the witness who was sitting in the car that was struck nor any other witness saw the motor vehicle driven by appellant operating at any other place than the parking lot which was the property of and under the control of the owner of the drive-in.

Appellant contends that the parking lot "is not a public road or highway, even though the lot is open to the public" and that there was no evidence offered showing that appellant operated his motor vehicle upon a public road or highway.

The agreed evidence reflects that the parking lot is located immediately adjacent to State Highway No. 199 and a public highway known as Roberts Cut-off. The lot "is open to the public generally and is open to use of the public generally, and automobiles and other motor vehicles operated by the public go on and come from said parking lot at all times of the day and night. The surface of the lot is paved with an

asphalt surface and there are areas marked off on said surface indicating spaces for parking of motor vehicles. There is a space for automobiles being driven upon the parking lot to travel. This space for travel could also be described as a pathway. It it also possible for automobiles traveling on said parking lot to pass from one of the adjacent roadways to the other * * * the parking lot is totally open and unobstructed on its west and north sides, those being the sides adjacent to Roberts Cut-off and State Highway 199. * * *"

"Automobiles and trucks are driven and operated by members of the public on the parking lot and no one is excluded from driving on such lot."

"The owner of the drive-in allows the public to use it (the parking lot) for parking."

"The parking lot is sometimes used for traveling from one of the adjacent roadways to the other."

■ This court has defined a "public road or highway" as used in Art. 802 Vernon's Ann.P.C. as a roadway that is open for the use, or used by the public for traffic. In Nichols v. State, 120 Tex.Cr.R. 219, 49 S.W.2d 783, we said:

"The object of said statute is to protect the general public, while using ways which are open to the public, from dangers incident to the operation thereon of automobiles by those who have made themselves unfit for such operation by the use of intoxicating liquor. * * * There must of necessity be legislative authority to enact laws to protect the people in their exercise of all public rights, and it would be intolerable to think that when investigating the criminal liability of the drunken driver of an automobile on a roadway, more or greater proof would be required to establish the character of the road, than that it was or is

open for the use, or used by the public for traffic."

In Tracey v. State, 171 Tex.Cr.R. 408, 350 S.W.2d 563, we applied such definition and upheld a conviction for drunk driving on a boluevard inside Dyess Air Force Base, a military reservation, open for public use during certain hours only.

Also the definition was applied in Salazar v. State, 161 Tex.Cr.R. 98, 275 S.W.2d 112, to a toll bridge; McCreary v. State, 165 Tex.Cr.R. 436, 307 S.W.2d 948, to an unfinished freeway; Brown v. State, 163 Tex. Cr.R. 170, 289 S.W.2d 942, to a public beach; and in Thurman v. State, 167 Tex. Cr.R. 21, 317 S.W.2d 737, to a highway bypass.

■ We conclude that the parking area where appellant drove his automobile while intoxicated was a public road or highway within the meaning of Art. 802 V.A.P.C.

The judgment is affirmed.

MORRISON, Judge (dissenting).

The majority hang their hat on some language contained in an opinion of Judge Lattimore in Nichols v. State, 120 Tex.Cr.R. 219, 49 S.W.2d 783.

Judge Hawkins in an exhaustive opinion on rehearing in Wood v. State, 119 Tex.Cr. R. 252, 45 S.W.2d 599, set out the standards of proof necessary to show the public nature of a road in a driving while intoxicated case. The facts before us here fall far short of the standards set in Wood.

The definition of a public road or highway found in Black's Law Dictionary is: "Its prime essentials are the right of common enjoyment on the one hand and *the duty of public maintenance on the other.*" This last prime essential is entirely missing in the case at bar.

I respectfully dissent to the affirmance of this conviction.