**D. C. HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46369.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Donald R. Scoggins, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated; the punishment is ten days' confinement in the county jail and a fine of $150.00.

It cannot be seriously disputed that the evidence shows the appellant did operate a motor vehicle while intoxicated. However, it is urged that the evidence does not show that appellant drove the motor vehicle upon a public highway or road.

The appellant left a lounge, got into his automobile, which was parked in front of the lounge, and drove it into the lounge, causing a substantial amount of damage. The car was parked on a lot approximately 80' x 50' located in front of the building which housed the lounge and two other business establishments. The parking lot was private property intended primarily for the use of customers of the businesses which fronted on it, but used by the general public for parking.

The State relies upon Moore v. State, 403 S.W.2d 426 (Tex.Cr.App.1966) and the authorities cited therein for the affirmance of this case. A privately owned parking lot on which automobiles could travel from one adjacent roadway to another was held in Moore v. State, supra, to be a public road or highway within the meaning of Art. 802, Vernon's Ann.P.C.[1] and [2].

Prior to Moore v. State, supra, this Court had found the following locations to be public roads or highways within the provisions of Art. 802, V.A.P.C.: a boulevard on a military base, Tracey v. State, 171 Tex.Cr.R. 408, 350 S.W.2d 563 (Tex.Cr. App.1961); an international toll bridge, Salazar v. State, 161 Tex.Cr.R. 98, 275 S. W.2d 112 (Tex.Cr.App.1955); an unfinished freeway, McCreary v. State, 165 Tex. Cr.R. 436, 307 S.W.2d 948 (Tex.Cr.App. 1957); a road on a public beach, Brown v. State, 163 Tex.Cr.R. 170, 289 S.W.2d 942 (Tex.Cr.App.1956) and a highway by-pass closed to through traffic, Thurman v. State, 167 Tex.Cr.R. 21, 317 S.W.2d 737 (Tex. Cr.App.1958).

The appellant argues that the foregoing cases and Moore v. State, supra, are distinguishable from the present case because there is no area for travel on the lot in question, beyond the minimum space available for ingress and egress, and because the lot cannot serve as a connection between thoroughfares.[3] In this case, the State argues that the parking lot was used by the public and that under the holding in Moore v. State, supra, any public parking lot comes within the ambit of Art. 802, V.A. P.C.

This Court noted in Capps v. State, 171 Tex.Cr.R. 579, 352 S.W.2d 833 (Tex.Cr. App.1962), the phrase ". . . operating a motor vehicle upon a public highway . . ." as it appears in Art. 802, V.A.P. C. consists of ordinary English words which are commonly understood by people generally. The opinion in Moore v. State, supra, addressed itself to the public character of the premises without dealing with the more basic question of whether the lot involved was a road. The opinion in Moore v. State, supra, seems to assume that the lot was a road, perhaps because it was possible to travel from one road to another by crossing the lot.

As noted, see Capps v. State, supra, the pertinent language of Art. 802, V.A.P.C. should be viewed in its ordinary sense. A small parking lot does not constitute a public road or highway in the ordinary sense or in the common understanding of these words. Black's Law Dictionary defines the term "road" as:

"A highway; an open way or public passage; a line of travel or communication extending from one town or place to another; . . ."

The parking lot in this case was neither a way, a passage nor a line of travel from

1. Judge Morrison dissented in Moore v. State, 403 S.W.2d 426 (Tex.Cr.App.1966).

2. Article 802, V.A.P.C., in pertinent part, provides:
"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor . . ."

3. The testimony indicates that there is but a single entrance on the lot, which also serves as an exit. Often a driver must "angle back out" of the lot into the street because there is no room in the lot to turn around.

place to place; rather, it was a place where an automobile was left parked or standing. It facilitated the use of the road by preventing its obstruction with parked automobiles, but it was not the road itself.[4]

The statutory definition of "Street or Highway" is:

"The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."[5]

Our conclusion that this parking lot is not embraced within the language of Art. 802, V.A.P.C. is further buttressed by a brief examination of legislative history.

The 1925 Penal Code version of Art. 802, V.A.P.C. contained language similar to that of the present statute, supra, with the additional phrase ". . . or any other place . . ." following the listing of roads, highways, streets and alleys. It was under this statute, with the additional broader language, that Nichols v. State, 120 Tex. Cr.R. 219, 49 S.W.2d 783 (Tex.Cr.App. 1932), a case on which the majority in

Moore v. State, supra, placed heavy reliance, and other earlier cases were decided.[6]

In 1941, the statute was amended and the phrase "or any other place" deleted. The wording of the statute as amended in 1941 is substantially the same today. In 1971, there was an attempt to amend Art. 802, V.A.P.C. by adding the phrase ". . . or other *public place* . . ." (emphasis added.) See Acts 1971, 62nd Leg., p. 727, ch. 83, § 11. However, in the same session of the legislature, this amendment appears to have been repealed by implication. See Acts 1971, 62nd Leg., p. 2384, ch. 741, § 1.

If it is intended that all areas, or that other specified areas where motor vehicles may be driven, are to be covered by the statute, it may be amended so to provide.[7]

The facts in the case of Moore v. State, supra, are distinguishable from the facts in this case and to the extent that the opinion in Moore v. State, supra, conflicts with this opinion it is overruled.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

4. Indeed, it may violate the law to use a parking lot as a road. The State cites us to a Dallas City Ordinance which makes such activity an offense. See Revised Code of Civil and Criminal Ordinances of Dallas, § 28–149 (1971). See also Vernon's Ann.Civ. St., Art. 6701d, Title 116, § 188, added by Acts 1971, 62nd Leg., p. 771, ch. 83, § 97.

5. Art. 6701d, Art. I, subd. III, § 13(a), V.A.C.S., and see Wood v. State, 119 Tex. Cr.R. 352, 45 S.W.2d 599 (Tex.Cr.App.1932) and the dissenting opinion by Judge Morrison in Moore v. State, supra.

6. See also Thomason v. State, 126 Tex.Cr. R. 554, 72 S.W.2d 598 (Tex.Cr.App.1934).

Compare Johnson v. State, 126 Tex.Cr.R. 432, 72 S.W.2d 256 (Tex.Cr.App.1934), holding that it was not intended by the lawmakers that Art. 802, V.A.P.C. should penalize one who, while intoxicated, moved an automobile upon his own premises or upon any part of a city other than its public streets or highways. Each of these cases was decided under the broader language of Art. 802, V.A.P.C. prior to its amendment in 1941.

7. Driving While Intoxicated statutes of many jurisdictions have been placed in four categories based on the areas where the offense may be committed. For a discussion and comparison of these statutes, see 29 A.L.R. 3d 938.