This is a drivers license revocation case.
Defendant was convicted of driving while intoxicated by the United States Magistrate's Court in Montgomery, Alabama. The Director of the Alabama Department of Public Safety revoked defendant's license and the defendant appealed to the Circuit Court of Montgomery County. The circuit court reinstated defendant's privilege to drive and the Director appealed.
The dispositive issue on appeal is whether the trial court erred in determining that the Director of Public Safety does not have the authority to revoke a motorist's license for a violation which occurs on a federal military installation. We hold that it did and reverse.
The record reveals the following: Defendant is a licensed motor vehicle operator of the State of Alabama. He was convicted pursuant to 18 U.S.C. § 7 and 13 (1964) of operating a vehicle on Gunter Air Force Base while intoxicated, a violation of § 32-5-170, Code of Ala. 1975. The U.S. Magistrate, pursuant to § 32-6-16 (d), forwarded a conviction report to the Director of the Department of Public Safety. The Director revoked defendant's license as specified in § 32-6-16
(f)(2). *Page 1124 
On appeal the defendant contends that the revocation was improper. Specifically, the defendant maintains that he was operating his vehicle on Gunter Air Force Base at the time of the offense and such highways are not the highways of the State of Alabama. The defendant further contends that because the Director can only revoke the licenses of those convicted of driving while intoxicated upon any highway of this state under § 32-5-170, revocation in this instance was improper. We disagree.
At the outset, we observe that in cases of statutory construction, it is the duty of this court to effectuate the intent of the legislature. Katz v. Alabama State Board ofMedical Examiners, Ala., 351 So.2d 890 (1977). In so doing, this court examines not only the language of the enactment but its purpose and object as well. McCullough v. State ex rel.Burrell, Ala., 352 So.2d 1121 (1977).
The purpose of § 32-5-170, as well as Alabama's other "rules of the road," is to reduce the alarming frequency of automobile accidents resulting in death and injury to persons and property. See, e.g., Greer v. Marriott, 27 Ala. App. 108,167 So. 597 (1936).
Under § 32-5-170, it is unlawful "for any person, whether licensed or not, while under the influence of narcotic drugs, or any person who is intoxicated, to drive a motor vehicle uponany highway of this state. . . ." Section 32-1-1 (12) defines "Highway" as:
 Every way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular travel. The term "highway" shall include the full width of the right-of-way of any public road, street, avenue, alley or boulevard, bridge, viaduct or trestle, and the approaches thereto, within the limits of the state of Alabama. The term "highway" shall not be deemed to include a roadway or driveway upon grounds owned by private persons. (Emphasis supplied.)
In the instant case, we are of the opinion that the highway upon which defendant committed the offense is a "highway" within the meaning of § 32-5-170. We reach this conclusion because § 32-1-1 (12) defines "Highway" as a road within the limits of Alabama and without question, Gunter Air Force Base and its roadways are within Alabama. Furthermore, roadways of military installations in other states have been considered highways within the state and subject to its traffic laws. See,e.g., U.S. v. Barner, 195 F. Supp. 113 (N.D.Cal. 1961); Traceyv. State, 171 Tex.Cr. 408, 350 S.W.2d 563 (1961).
In addition, we note that the scope of our statutory definition of "Highway" is broad; the only apparent exception is that the term does not include roads upon private property. United States military installations are clearly not private property within the meaning of the statute. For this reason, we hold that the court below erred in determining that the Director could not revoke defendant's license.
We also observe that the Director is not limited in his authority to revoke licenses for only those violations which occur on highways within the State of Alabama. Under Alabama's Driver License Compact with other states, §§ 32-6-30, et seq., Code of Ala. 1975, it is mandatory for the Director to revoke the license of an Alabama driver convicted of DWI in another state. See, e.g., § 32-6-31 (IV), Code of Ala. 1975.
In addition to the above, we note that the revocation of defendant's license was proper even assuming that the roadway in question was not an Alabama highway.
As set forth above, defendant was convicted in the United States Magistrate's Court pursuant to the Federal Assimilative Crimes Act. 18 U.S.C. § 13 (1964). This Act provides that where, as here, an individual commits an offense on a military installation under state law, for which violation there is no corresponding federal statute, the federal court as a matter of federal law, assimilates and applies the state law and the penalty for its violation. United States v. Holley, 450 F. Supp. 1335
(D.Md. 1978). In effect, the Act mandates incorporation of the entire state criminal *Page 1125 
law relating to the offense and punishment. See, e.g., UnitedStates v. Barner, supra.
Federal courts have, on numerous occasions, applied state DWI statutes and revoked offenders' licenses where violations occurred on military bases. Holley, supra; United States v.O'Byrne, 423 F. Supp. 588 (E.D.Va. 1973); Barner, supra.
In the instant case, pursuant to the Assimilative Crimes Act, the United States court applied and found defendant guilty of violating § 32-5-170. As a penalty and pursuant to § 32-6-16
(d), the court properly forwarded the record of the conviction to the Director in order that the Director perform his mandatory duty to suspend the defendant's license. Inasmuch as the United States court correctly applied the applicable provisions of Alabama law and the Director performed his mandatory duty upon receipt of defendant's final conviction, we hold that defendant's license was properly revoked.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
On rehearing, able counsel for the defendant correctly points out to this court that we have miscited a case. In our original opinion, we referred to United States v. Holley, 450 F. Supp. 1335
(D.Md. 1978). The correct citation should be United Statesv. Holley, 444 F. Supp. 1361 (D.C.Md. 1977).
Original opinion extended. Application for rehearing overruled.
WRIGHT, P.J., and BRADLEY, J., concur.