**Joel Curtis ROUSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63409.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 15, 1982.

Rehearing denied Jan. 26, 1983.

H. Harris Hampton, Canyon, for appellant.

Randall Sherrod, Dist. Atty. & James O. Collins, Asst. Dist. Atty., Canyon, Robert Huttash, State's Atty. and Alfred Walker, Asst. States Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving upon a public road while intoxicated. Art. 6701*l*–1, V.A.C.S. Punishment was assessed at 30 days and a $200 fine, and appellant was granted probation.

In his sole ground of error before this Court, appellant contends the evidence is insufficient to prove the place he was seen driving was a public road. The record shows appellant was stopped and arrested while driving in a McDonald's parking lot. Twice before this Court has considered the sufficiency of the evidence to prove that a parking lot was a public road within the terms of the driving while intoxicated statute. *Harris v. State,* 499 S.W.2d 9 (Tex.Cr. App.1973); *Moore v. State,* 403 S.W.2d 426 (Tex.Cr.App.1966).

In *Moore* the parking lot had the following characteristics:

"The agreed evidence reflects that the parking lot is located immediately adjacent to State Highway No. 199 and a public highway known as Roberts Cutoff. The lot 'is open to the public generally and is open to use of the public generally, and automobiles and other motor vehicles operated by the public go on and come from said parking lot at all times of the day and night. The surface of the lot is paved with an asphalt surface and there are areas marked off on said surface indicating spaces for parking of motor vehicles. There is a space for automobiles being driven upon the parking lot to travel. This space for travel could also be described as a pathway. It is also possible for automobiles traveling on said parking lot to pass from one of the adjacent roadways to the other * * * the parking lot is totally open and unobstructed on its west and north sides, those being the sides adjacent to Roberts Cutoff and State Highway 199. * * *

" 'Automobiles and trucks are driven and operated by members of the public on the parking lot and no one is excluded from driving on such lot.'

" 'The owner of the drive-in allows the public to use it (the parking lot) for parking.'

" 'The parking lot is sometimes used for traveling from one of the adjacent roadways to the other.' "

The Court concluded that this parking area was a public road within the meaning of the driving while intoxicated statute.

In *Harris,* supra, the parking lot was of a considerably different character:

"The car was parked on a lot of approximately 80′ × 50′ located in front of the building which housed the lounge and two other business establishments. The parking lot was private property intended primarily for the use of customers of the business which fronted on it, but used by the general public for parking."

\* \* \* \* \* \*

"The testimony indicates that there is but a single entrance on the lot, which also serves as an exit. Often a driver must 'angle back out' of the lot into the street because there is no room in the lot to turn around."

Viewing these facts, the Harris Court held the evidence did not show the parking lot to be a public street.

The Harris Court, however, went beyond merely distinguishing *Moore* on the facts.

The holding of *Moore* that a parking lot may be a road was called into question, and *Moore* was explicitly overruled to the extent of any conflict. It was first pointed out that *Moore* focused on the issue of "the public character of the premises without dealing with the more basic question of whether the lot involved was a road." The statutory history of the driving while intoxicated statute was then examined, which further undermined the viability of *Moore* as sound authority:

"Our conclusion that this parking lot is not embraced within the language of Art. 802, V.A.P.C. is further buttressed by a brief examination of legislative history.

"The 1925 Penal Code version of Art. 802, V.A.P.C. contained language similar to that of the present statute, supra, with the additional phrase '... or any other place ...' following the listing of roads, highways, streets and alleys. It was under this statute, with the additional broader language, that *Nichols v. State,* 120 Tex.Cr.R. 219, 49 S.W.2d 783 (Tex.Cr. App.1932), a case on which the majority in *Moore v. State,* supra, placed heavy reliance, and other earlier cases were decided.

"In 1941, the statute was amended and the phrase 'or any other place' deleted. The wording of the statute as amended in 1941 is substantially the same today. In 1971, there was an attempt to amend Art. 802, V.A.P.C. by adding the phrase '... or other *public place* ...' (emphasis added.) See Acts 1971, 62nd Leg., p. 727, ch. 83, Sec. 11. However, in the same session of the legislature, this amendment appears to have been repealed by implication. See Acts 1971, 62nd Leg., p. 2384, ch. 741, Sec. 1.

"If it is intended that all areas, or that other specified areas where motor vehicles may be driven, are to be covered by the statute, it may be amended so to provide." (Footnotes omitted.)

◼ Since the decision in *Harris,* the statute has been amended to add "a breach as defined in the Uniform Act Regulating Traffic on Highways" to the places where it is unlawful to drive while intoxicated, yet neither the pre-1941 phrase "or any other place" nor the 1971 attempted addition of "or other public place" has been made part of the statute. We conclude on the basis of the reasoning in *Harris v. State,* supra, that a parking lot is not a road under 6701*l*-1, supra, and overrule *Moore v. State,* supra. Nevertheless, evidence may show a road through a parking lot.

◼ In this case the parking lot was around a fast food business located at the corner of two streets. The lot had one entrance from one street and two from the other. In addition to a number of parking spaces, the lot included a traffic lane for vehicles to drive around the building for access to the parking spots and to a drive-up service window. Appellant was driving his vehicle in one of these lanes about 25 feet from the road when stopped and arrested. Under the facts of this case we find the traffic lane where appellant was driving was an integral part of the parking lot and not a road through the parking lot.

The evidence is insufficient to show appellant drove upon a road, so the judgment must be reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1; *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15.

The judgment is reversed and ordered reformed to show an acquittal.

McCORMICK, Judge, dissenting.

Being convinced that this conviction should not be reversed, I must dissent. Not only do I believe the majority has misconstrued the prior holdings of this Court in *Harris v. State,* 499 S.W.2d 9 (Tex.Cr.App. 1973), and *Moore v. State,* 403 S.W.2d 426 (Tex.Cr.App.1966), as they apply to this case, I believe also that the majority ignores the purpose of the driving while intoxicated statute in arriving at their conclusion.

The purpose of the law is to protect people against drunk drivers while using public roads, streets or thoroughfares. *Blackburn v. State,* 150 Tex.Cr.R. 572, 204 S.W.2d 619

(1947). Or stated another way, the object and purpose of the law is to prevent men, women and children from being wounded and maimed by persons driving automobiles while in a state of intoxication. *Johnson v. State,* 141 Tex.Cr.R. 175, 147 S.W.2d 811 (1941).

The record before us shows that the McDonald's lot here in question was open to the public; that it had designated parking places; that there were routes of ingress and egress from two different streets; and that it was possible to use the lot as a thoroughfare between the two streets. In this record I believe it qualifies as a "public road." This, coupled with the purpose of the statute, leads me to conclude that the DWI statute was enforcible against this appellant on the lot in question.

For these reasons, I dissent.