**Richard Leon PETTIGREW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–01528–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 2, 1992.

Ronald D. Wells, Gary A. Udashen, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before BAKER, WHITTINGTON and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Richard Leon Pettigrew appeals his conviction for the offense of public lewdness. After trial to the court, appellant was assessed punishment at a fine of $250. In five points of error, he contends that: (1) the evidence is insufficient to support the conviction, to prove the location of the offense, and to show the offense occurred in a public place; (2) the trial court erred in overruling appellant's hearsay objection concerning the identity of the woman involved with appellant; and (3) the evidence is insufficient to sustain the conviction because the only evidence naming the other person involved in the offense was objected to as hearsay. We reverse and acquit.

In his first point of error, appellant contends that the evidence is insufficient to support the conviction and to prove the location of the offense. The information in this case alleged that the offense occurred "in a public place, to-wit: a public street, 2617 Manana, Dallas, Texas".

Appellate review of sufficiency is limited to determining whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). The elements of public lewdness under section 21.07 of the Texas Penal Code are that: (1) a person; (2) knowingly engages in a sexual act; and (3) in a public place. TEX.PENAL CODE ANN. § 21.07 (Vernon 1989). Because the State alleged that the act occurred on a public street, and named the street, the State was required to prove those allegations. *McWilliams v. State*, 782 S.W.2d 871, 873 (Tex.Crim.App. 1990).

Dallas Police Officer Brian Wolff testified that he was working undercover on January 25, 1990. He saw a prostitute talking to a person in a Cadillac, and then entering the Cadillac. He identified appellant as the man in the Cadillac. He followed the Cadillac and saw appellant drive it to Manana street and park in a parking lot. The car was parked about twenty-five yards off the street. The exact address of the business was 2617 Manana. He observed the prostitute and appellant engaging in a sex act. Officer Wolff testified that the parking lot where this offense occurred is a public place and that Manana is a public street.

In *Harris v. State*, 499 S.W.2d 9 (Tex. Crim.App.1973), the Court of Criminal Appeals held that the terms "road", "street," and "highway" do not include within their definition a parking lot. The court considered the "common understanding" and "ordinary sense" of the words. *Harris*, 499 S.W.2d at 10; *see also Rouse v. State*, 651 S.W.2d 736, 738 (Tex.Crim.App.1982).

The State argues that one of the definitions for "street" in the Oxford English Dictionary is "a road in a town or village running between two lines of houses; usually including the sidewalks as well as the carriage way. Also, the road together with the adjacent houses." OXFORD ENGLISH DICTIONARY 874 (2d ed. 1989). Also, one definition for "street" included in Webster's Third New International Dictionary is "a public thoroughfare including the

property abutting it." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2259 (3d ed. 1979). Although these are alternative definitions, we must follow the Court of Criminal Appeals and what it considers to be the common sense definition of the word "street".

We hold that the location of the offense was not proven as alleged because a parking lot is not part of a public street. The evidence is insufficient to support the location alleged in the information. We sustain appellant's first point of error.

We reverse the trial court's judgment and enter an order of acquittal in its stead.