Affirmed and Memorandum Opinion filed November 16, 2006








Affirmed and Memorandum Opinion filed November 16, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00506-CR

____________

 

ROBERT S. SHEARER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 8

Harris County, Texas

Trial Court Cause No. 1280631

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Robert S. Shearer, was charged by information
with speeding on a highway near the City of Webster.  He was convicted of the
offense and the trial court assessed a fine of $200 and court costs of $233. 
Appellant raises five issues on appeal: (1) the evidence was legally
insufficient to support the conviction; (2) there was a fatal variance between
the charge and the proof offered at trial; (3) the trial court erred in
overruling his objections to the jury charge; (4) the trial court erred in overruling
his requested special instruction to the jury; and (5) the trial court
incorrectly calculated the costs assessed.  We affirm.








Factual and Procedural Background

On May 9, 2004, appellant was driving on South Egret Bay in
the City of Webster.  According to Officer Juan Quintana of the City of Webster
Police Department, appellant was driving his silver Pontiac Firebird 60 miles
per hour in an area with a posted speed limit of 45 miles per hour.  Quintana
signaled appellant to pull over.

Although there was some lack of clarity at trial, testimony
indicated that appellant asked Quintana to arrest him.  Appellant is an
attorney and has represented himself at all levels of this matter.  According
to Quintana, appellant indicated that were he arrested, he would not be able to
make a court appearance and the judge would then dismiss that particular case. 
However, Quintana explained that he could not arrest appellant for speeding. 
Instead, he cited appellant for speeding.  There was no dispute that appellant
was indeed traveling 60 miles per hour in an area where the speed limit was
clearly posted to be 45 miles per hour.

Appellant pleaded no contest to the citation at the
municipal court.  Once a fine and fees were assessed at a total of $181,
appellant appealed for a trial de novo to the county criminal court at law. 
Appellant received a jury trial, which resulted in a conviction.  The trial
court then assessed a fine of $200 and costs of $233.  Appellant timely filed
notice of appeal.

Analysis

I.        Issues
Relating to the Proper Ordinance

Appellant=s first four issues rely on his contention
that he was cited for violating a municipal ordinance and, therefore, the State
was obligated to establish a conviction based on a municipal ordinance, rather
than the Texas Transportation Code.  Appellant=s first four
issues are wholly dependent on a favorable ruling on whether the Transportation
Code applies to his case.








A.      The Term AHighway@ Includes the
Roadway at Issue

Appellant has contended at all times that South Egret Bay,
where he received his citation and the street on which he was speeding, is a
city street and not a Astate highway.@  As such, he
argues, it is not governed by the Texas Transportation Code.  Therefore, any
conviction or charge for speeding on that road must be predicated upon a
municipal ordinance establishing the speed as 45 miles per hour.  According to
appellant, without that proof and evidence, the State has not proved his guilt,
the charge discussing a Ahighway@ was flawed, and
the trial court should have included appellant=s special
instruction regarding a municipal ordinance.  However, the Transportation Code
has a more expansive definition of highway than appellant contends.

The Transportation Code defines A[h]ighway or
street@ as Athe width between
the boundary lines of a publicly maintained way any part of which is open to
the public for vehicular travel.@  Tex. Transp. Code ' 541.302(5)
(Vernon 1999).  That definition is sufficiently panoptic so as to include the
road in this case.  As the Court of Criminal Appeals held relating to a
similarly worded definition, Athe words >public road or
highway= in said statute
were used to differentiate [those public roads or highways] from private roads.@  Nichols v.
State, 120 Tex. Crim. 219, 49 S.W.2d 783, 784 (1932).  That interpretation
indicates that any publicly maintained road would be considered a highway. 
This court has held that section 541.302(5)=s definition
includes county roads, which would not be included in appellant=s narrow
interpretation.  See Texas Department of Public Safety v. Guajardo, 970
S.W.2d 602, 607 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  In
light of the statute=s broad definition, the Court of Criminal
Appeals=s prior
interpretation, and our own court=s precedent, we
hold that section 541.302(5) includes the road at issue.  Therefore, any
provision of the Transportation Code utilizing the term Ahighway@ would also
encompass this road.  We now turn to each of appellant=s first four
issues.








B.      The Evidence was Legally Sufficient

In a
legal-sufficiency challenge, we employ the familiar standard of viewing the
evidence in the light most favorable to the verdict.  King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).  If any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt, we
will affirm.  Id.   We will not re-weigh the evidence and substitute our
judgment for that of the jury.  Id.  

Appellant claims that an essential element of the crime was
not proven belowCnamely, that he was speeding on a highway.  
Additionally, appellant argues the State did not prove that he was driving at
an unreasonable or imprudent speed.  See Tex. Transp. Code ' 545.351(a)
(Vernon 1999).  Finally, appellant contends the State failed to prove up a city
ordinance he violated, and so we must render a judgment of acquittal.  We
disagree.

We evaluate first appellant=s chief argument
that the State failed to prove he was speeding on a highway.  As we explained
above, the term Ahighway@ does not
encompass solely state highways as appellant argues.  Rather, it is an
expansive definition, which is broad enough to include the public road on which
appellant was cited for speeding.  Because the evidence was undisputed that
appellant was on a public road included within the statutory definition of Ahighway,@ the evidence on
this element is legally sufficient to prove he was speeding on a highway.

Appellant next
argues that because he elicited the following testimony from Officer Quintana,
the evidence was legally insufficient to sustain his conviction:

[Defense]:    And you testified
that this four lane road, it would be unreasonable to go 60 miles an hour on;
is that correct?

[Witness]:    Yes.

[Defense]:    Can you tell me why?

[Witness]:    Because the posted
speed limit is 45.

 . . .








[Defense]:    If the speed limit
posted was 60 instead of 45, it would have been perfectly safe and reasonable
to go 60, would it not?

[Witness]:    Yes.

Appellant contends this testimony was a death knell for the
State=s case because it
rebutted the statutory presumption that exceeding the posted speed limit is not
reasonable and prudent.  See Tex.
Transp. Code ' 545.352 (Vernon Supp. 2006).  However,
the above testimony was only part of Quintana=s testimony. 
Quintana also testified, without equivocation, that it was unreasonable and
imprudent to travel 60 miles per hour at that particular location under the
conditions then existing.  The jury is free to believe some, all, or none of a
witness=s testimony.  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  The jury was thus
entitled to accept the prima facie evidence of unreasonable and imprudent
driving,[1]
and also to accept Quintana=s testimony that it was unreasonable and
imprudent to drive as appellant drove on that road.  The evidence was legally
sufficient on the element of unreasonable and imprudent driving.

Finally, appellant asserts the evidence was legally
insufficient because the State did not prove up a municipal ordinance. 
However, this argument is predicated upon appellant=s primary argument
that he must be convicted for violating a municipal ordinance because the
Transportation Code does not apply to city streets.  We have already rejected
that argument.  The State produced evidence that the speed limit on South Egret
Bay was 45 miles per hour and that appellant violated a state statute by
exceeding that limitation.  There was no dispute that appellant was driving 60
miles per hour in a 45 miles-per-hour zone.  The evidence was legally
sufficient on this element.  Accordingly, we overrule appellant=s first issue.

C.      There was
no Fatal Variance Between the Information and Proof








In his second issue, appellant argues that the criminal
information and the proof offered at trial have a fatal variance.  As above,
this argument is contingent upon this court=s holding that
speeding on a city street cannot give rise to a violation of the Transportation
Code.  Having already disposed of that issue, appellant=s second issue is
without merit.  Both the information and proof at trial concerned appellant=s operating his
vehicle at an unreasonable and imprudent speed by driving in excess of the
posted speed limit on a public roadway.  This is not a case in which appellant
was uninformed of the charge, or would be subjected to prosecution for the same
crime later, as he alleges.  See  Gollihar v. State, 46 S.W.3d
243, 257 (Tex. Crim. App. 2001).  Appellant  knew the charge was for excessive
speed on a public roadway, has not presented any credible argument of surprise,[2]
and has not explained how he could be held accountable for another crime under
the information presented.  We overrule appellant=s second issue.  

D.      Trial
Court did not Err in Overruling Objections to Jury Charge

In his third issue, appellant argues that the trial court
erred when it overruled his objection to the jury charge.  Essentially,
appellant contends that the jury charge was Afundamentally
flawed@ because it
instructed the jury on violations of the Transportation Code.  According to
appellant, this instruction constituted reversible error.  However, as we
explained above, the charges against appellant, and the entire case, concerned
a violation of the Transportation Code.  Thus, the trial court did not err in
instructing the jury as to a violation of the Transportation Code.  








Appellant also argues that the language in the jury charge
was in error because it failed to track the language of either the
Transportation Code or a local ordinance.  Essentially, appellant=s argument is that
the jury charge allowed the jury to convict him for a non-existent offense
because, according to appellant, A[n]o state law
proscribes speeding upon a >public roadway.=@ We have
determined already that the Transportation Code was indeed the statute at
issue, and we have determined that the term highway is a more expansive term
than appellant contends.  Therefore, there was no flaw in the jury charge and
we overrule appellant=s third issue.

E.      Trial
Court did not Err in Refusing to Submit Special Instruction

In a now-familiar line of argument, appellant contends that
the trial court reversibly erred by not including a proffered instruction
regarding the elements for speeding on a city street.  As with appellant=s previous issues,
this issue centers on his central argument that he could be convicted only for
a violation of a municipal ordinance, and not for violating the Transportation
Code.  However, also as with appellant=s previous issues,
we disagree that he was charged with, and prosecuted for, violating a city
ordinance.  Rather, the State properly charged and convicted appellant for
speeding in violation of the Transportation Code.  Therefore, appellant=s special
instruction was inapposite and the trial court did not err in excluding it.  See
Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2006)
(explaining that the charge of the court should contain, among other things,
the law applicable to the case and should charge upon issues arising from the
facts).

II.       Appellant
is not Entitled to a Reformed Judgment as to Costs

In his final
issue, appellant contends that the trial court erred in assessing his costs at
more than $40.  Appellant relies on Texas Local Government Code section 133.102
to argue that the trial court was authorized to assess only $40 in fees.  That
section, which is entitled Consolidated Fees on Conviction, states in relevant
part:

(a) A person convicted of an offense shall pay as a court cost, in
addition to all other costs:

(1)     $133 on conviction of felony;

(2)     $83 on conviction of a Class A or Class B
misdemeanor; or








(3)     $40 on conviction of a nonjailable misdemeanor offense,
including a criminal violation of a municipal ordinance, other than a
conviction of an offense relating to a pedestrian or the parking of a motor
vehicle.

Tex. Loc. Gov=t Code ' 133.102(a) (Vernon Supp. 2006) (emphasis
added).  This statute expressly contemplates additional fees and in no way is
an exclusive list of fees.  Appellant has not highlighted any particular fee,
such as a jury or security fee, which he believes was inappropriately
assessed.  His only argument is that section 133.102 provides the only
permissible fee to charge for his case, in spite of the statute=s clear language. 
We overrule appellant=s final issue.

Conclusion

Having overruled each of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 16, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]   See Tex. Transp. Code ' 545.351(a).





[2]  Appellant=s
argument of surprise is particularly disingenuous given that he pleaded no
contest to the charge at the municipal court level, then appealed de novo to
the criminal county court at law, filed numerous motions regarding discovery
and other matters and, thus, personally handled the entire matter in two trial
courts.  Also, appellant has not explained what he would have done differently
but for the surprise.