UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-8276
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TYLOR LEON DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

(May 28, 1993)

Before POLITZ, Chief Judge, REAVLEY, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Contending primarily that he was denied closing argument in violation of his Sixth Amendment right to counsel, Tylor Leon Davis appeals his conviction for possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Because the record clearly reflects that his counsel opted to forego argument, Davis' right to it was waived. We **AFFIRM**.

I.

During a routine immigration check at the Sierra Blanca checkpoint in Texas, a border patrol agent boarded a bus on which Davis was a passenger and questioned passengers about their citizenship. After completing his immigration inquiries, the agent

began to inspect items in the overhead luggage bins. On squeezing a tweed suitcase situated directly across the aisle from Davis, he detected hard, brick-like objects. The luggage tag was blank; none of the passengers claimed the bag.

Accordingly, the agent removed the bag from the bus and searched it, discovering eight brick-shaped packages containing over two kilograms of crack cocaine. Some of the packages were concealed in trousers bearing the name "Tylor Davis"; likewise, an airline ticket bearing the same name was found in an outside pocket of the suitcase. The suitcase also contained clothing bearing the name "Gerald" and "G. Bow".

The agents reboarded the bus and asked each passenger for identification. As the agents approached, Davis appeared apprehensive; he was arrested upon providing his driver's license.

After a very brief bench trial, the district court found Davis guilty of possession with intent to distribute more than 50 grams of cocaine base. He was sentenced, *inter alia*, to 210 months imprisonment.

## II.

Davis contends that he was denied the opportunity to present closing argument, and that the evidence was insufficient to support his conviction.

## A.

The Sixth Amendment guarantees a defendant in a criminal trial, whether before a jury or the bench, the right to present closing argument, regardless of the complexity or the strength of

the case. *Herring v. New York*, 422 U.S. 853 (1975); *see also* Fed. R. Crim. P. 29.1. The *Herring* Court reasoned that "a total denial of the opportunity for final argument in a ... criminal trial is a denial of the basic right of the accused to make his defense .... [C]losing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt". *Id.* at 859, 862. Given the difficulty of determining the prejudicial impact of the failure to afford summation, the denial of a request for it is reversible error *per se*. *Id.* at 864. Likewise, absent waiver, "the failure to allow a closing argument constitutes plain error". *United States v. Martinez*, 974 F.2d 589, 591 (5th Cir. 1992).

A precise standard for identifying waivers of closing argument remained undefined in this circuit until our recent decision in *Martinez*. There we adopted the standard set forth in *Johnson v. Zerbst*, 304 U.S. 458 (1938), and held that "[a]s a general proposition, before a waiver of the right to present closing argument will be found the record must clearly demonstrate its `intentional relinquishment or abandonment'". *Martinez*, 974 F.2d at 591 (quoting *Johnson*, 304 U.S at 464). We emphasized that "[a]n affirmative waiver on the record is not required"; rather, waiver may be inferred from a review of the entire record. *Id.* at 591 n.7.

It is fundamental that there is a presumption against waiver of a constitutional right, *Johnson*, 304 U.S. at 464; however, "some rights are more likely to be foregone as a matter of strategy than

3

others". ***United States v. Spears***, 671 F.2d 991, 993 (7th Cir. 1982). Where a defendant is represented by counsel, the decision to waive summation is a matter of trial strategy within the discretion of counsel. ***Martinez***, 974 F.2d at 591. If the evidence is strong, counsel may conclude that a summation would damage the client's interests, especially when considering the likely response of the prosecutor. *See* ***United States ex rel. Spears v. Johnson***, 463 F.2d 1024, 1026 (3d Cir. 1972). As we noted in ***Martinez***, "[t]he strategic choice may be even more acute in a bench trial as counsel assesses the judge's reaction to the evidence". 974 F.2d at 591. Accordingly, in reviewing the record for waiver, we must be scrutinizing yet cognizant of the strategic considerations involved.

We now turn to apply the foregoing principles to the case at bar. The court held a bench trial several months prior to our decision in ***Martinez***. The trial, according to Davis, lasted less than an hour (the transcript contains only 43 pages); there were no opening statements. The government called only three witnesses; Davis, only one. After that one defense witness, who was asked only seven questions on direct and for whom there was no redirect examination, the following exchange occurred:

> Mr. Barclay [defense counsel]: We'll rest on that.
>
> Ms. Hartung: The Government closes.
>
> Mr. Barclay: Do you got [*sic*] a rebuttal?
>
> Ms. Hartung: I thought about it, but no.

> The Court:    All right, if you would please Mr. Davis, you and your attorney [Mr. Barclay] would approach the lectern.
>
> Mr. Barclay:    *You don't need a two and a half hour closing argument?*
>
> The Court:    Yeah, I need it, but I'm not going to take it.
>
>     Mr. Davis, the Court having heard the testimony in this case or part of it is certainly circumstantial.  It is the judgment of the Court that you're guilty of the offense charged in the indictment ....

(Emphasis added.)  Aside from the above quoted language, counsel did not otherwise refer to the issue of closing argument, either at trial or by a post-trial motion.

Davis contends that his case squarely falls within the holding of **Herring** because his counsel's statement, "[y]ou don't need a two and a half hour closing argument" constitutes a request, which the court subsequently denied by stating "[y]eah, I need it, but I'm not going to take it".  Alternatively, Davis maintains that the case is controlled by **Martinez**, discussed *infra*, because the court rendered judgment immediately upon the close of the evidence.  The government counters that counsel's statement, taken in context, should be construed as a waiver statement in which counsel acknowledged the fact that the court had listened carefully to the testimony and did not need summation.

Our review of the entire record compels the conclusion that counsel's statement was not a request, but a manifestation of both his awareness of the right to present summation, and his decision not to do so.  In the context of a trial that lasted less than an

5

hour, with no opening statements and only four witnesses, we view counsel's statement, "[y]ou don't need a two and a half hour closing argument?" as rhetorical. The statement was consistent with the repartee and obvious familiarity between the court and counsel for both Davis and the government. Although phrased in the form of a question, the statement clearly conveys counsel's strategic decision, upon taking into account the court's reaction to the evidence and the length of the trial, that a closing statement was unnecessary, or otherwise not in his client's best interests. Our reading of the record is buttressed by counsel's failure to object at the time the court rendered judgment, or subsequently, in a motion for a new trial. Moreover, the statement was made prior to the court's rendering judgment; accordingly, it is unlikely that counsel was unduly coerced into concluding that further argument would be futile.[1] We agree with the government that counsel waived Davis' right to summation.

This case is distinguishable from *Herring* and *Yopps v. State*, 228 Md. 204, 178 A.2d 879 (1962), cited with approval in *Herring*. In *Herring*, the court denied counsel's request to "be heard

---

[1]    *See* **United States v. King**, 650 F.2d 534, 537 (5th Cir. 1981) (no waiver where magistrate unequivocally stated that a closing argument would not change his mind, and counsel responded, "I would have preferred to argue, but if it's not going to change the Court's mind, I don't see any reason ... to do it"); **United States v. Wall**, 443 F.2d 1220, 1223 (6th Cir. 1971) (no waiver where court stated finding of guilt; counsel called the omission of argument to the court's attention; and the court responded that argument would be futile); **Grigsby v. State**, 333 So. 2d 891 (Ala. Cr. App.), *cert. denied*, 333 So. 2d 894 (Ala. 1976) (no waiver where court found defendant guilty; counsel responded, "[w]ould Your Honor care to hear from me on this case, or have you made up your mind?"; and court repeated guilty verdict).

somewhat on the facts".  422 U.S. at 856.  Similarly, in **Yopps**, the court rendered a verdict without affording defense counsel the opportunity to present closing argument.  Defense counsel promptly objected, stating, "You didn't even ask me for argument in this case ..."; the judge responded, "Wouldn't change my mind about it". 228 Md. at 206, 178 A.2d at 881.  In both cases, counsel expressed a desire to present summation, which the court denied.  Here, as stated *supra*, the plain meaning of counsel's statement was that he viewed summation as unnecessary and intended to forego it. Accordingly, the court's response was not a denial of counsel's request, as in **Herring** and **Yopps**, but merely a jocular expression of agreement with counsel.

Likewise, our decision in **Martinez** is distinguishable.  At issue in **Martinez** was whether waiver could be inferred from *silence*.  Upon reviewing various state and federal decisions, we reasoned that "the critical factor in deciding whether the *silence* of counsel constitutes a waiver is whether there was a meaningful opportunity for counsel to request argument or object, considering all the attendant circumstances."  **Id.** at 591-92 (emphasis added). Applying that standard, we concluded that because the court did not immediately announce its ruling from the bench; but, rather, ordered a recess and thus enabled counsel to determine his course on closing argument, counsel's failure to respond to the court's "argument not needed" announcement constituted a waiver.  **Id.**

Our decision in **Martinez** reflects our reluctance to infer waiver of a constitutional right from a silent record.  Here,

7

however, the record is not silent -- far from it. Because counsel expressly manifested his intent to forego argument prior to the court's rendering judgment, we need not consider whether counsel had a "meaningful opportunity" to request argument.

In closing, we stress that Davis' trial occurred several months before our decision in **Martinez**. There we expressed confidence that, in the future, courts would request that counsel "state for the record any objections to the court proceeding to judgment without closing argument, or to *formally* waive same on the record". **Id.** (emphasis added). Accordingly, we expect that in subsequent cases, unlike here, we will not be required to review the entire record to determine counsel's intent. Here, although we cannot say that Davis' counsel *formally* waived summation, counsel's statement, in the context of the entire trial, clearly expressed his intent to waive it. We therefore hold that Davis was not denied his Sixth Amendment right to counsel.

B.

Davis maintains that the evidence was insufficient to support his conviction. For review of a bench trial, as here, "the test for evidential sufficiency is whether any substantial evidence supports the finding of guilty and whether the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty". **United States v. Richardson**, 848 F.2d 509, 511 (5th Cir. 1988) (internal quotations and citations omitted). We defer to the court's reasonable inferences. **Id.**

8

To establish violation of 21 U.S.C. § 841(a)(1), the government must prove that Davis knowingly possessed cocaine with the intent to distribute it. *United States v. Molina-Iguado*, 894 F.2d 1452, 1457 (5th Cir.), *cert. denied*, 498 U.S. 831 (1990). Davis contends that the government failed to establish knowing possession, primarily asserting that the presence of clothing in the name of another person ("G. Bow") precludes a finding of custody and control over the luggage. According to Davis, because the agents did not inquire whether a passenger named "G. Bow" was on the bus, it is equally likely that the luggage belonged to a travelling companion who had access to his clothing. We disagree that Davis' alternative hypothesis precludes a finding of guilt.

Needless to say, possession may be actual or constructive and may be proved by either direct or circumstantial evidence. *E.g.*, *United States v. Rosas-Fuentes*, 970 F.2d 1379, 1382 (5th Cir. 1992). Constructive possession turns on a showing of control or the power to control. *Id.* "Circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof". *United States v. Ivey*, 949 F.2d 759, 766 (5th Cir. 1991), *cert. denied*, *Wallace v. United States*, 113 S. Ct. 64 (1992) (citations omitted).

The drugs were found in an unmarked suitcase directly across the aisle from Davis. Although proximity alone is insufficient to establish possession, *Rosas-Fuentes*, 970 F.2d at 1382, the suitcase

9

contained clothing and an airline ticket marked with Davis' name[2], thus indicating his control over the luggage. That the drugs had been wrapped in clothing bearing Davis' name, supports the finding that he had knowledge that the drugs were in the suitcase, as does his reluctance to both claim the luggage and present identification. Moreover, the quantity of cocaine contained in the suitcase supports the inference that Davis intended to distribute it. *See* **Rosas-Fuentes**, 970 F.2d at 1382. Accordingly, there was sufficient evidence for the district court to conclude that Davis possessed cocaine with intent to distribute.[3]

III.

For the foregoing reasons, the judgment is

**AFFIRMED**.

---

[2] Although the ticket was not introduced into evidence, the trial testimony included this fact.

[3] As for Davis' alternative theory, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt". **United States v. Ayala**, 887 F.2d 62, 67 (5th Cir. 1989) (quotations and citations omitted).