**REVISED**

## UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 96-50890
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                          Plaintiff-Appellee,

versus


ORLANDO COLLAZO,

                          Defendant-Appellant.


Appeal from the United States District Court
For the Western District of Texas

July 9, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Orlando Collazo appeals his conviction on one count of operating a motor vehicle while intoxicated in violation of Texas Penal Code § 49.04 as incorporated into federal law by the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. We affirm.

I

Collazo, a civilian, was stopped for an identification check at Gate One on Kelly Air Force Base ("Kelly AFB"). Having

observed Collazo's erratic driving, the gate sentry sought to obtain Collazo's driver's license and proof of insurance. When Collazo rolled down the window of his pickup truck, the sentry immediately detected the strong smell of alcohol. After some difficulty, Collazo produced his driver's license but he was unable to show evidence of insurance. Collazo was very inarticulate, and mumbled responses to the sentry's questions.

Suspecting that Collazo was intoxicated, the sentry demanded that Collazo surrender his truck keys. The sentry, together with a couple of other airmen, then ordered Collazo out of the vehicle and subjected him to a battery of field sobriety tests. After Collazo failed the tests, he was taken into custody and charged under the ACA with being "intoxicated while driving or operating a motor vehicle in a public place" in violation of § 49.04 of the Texas Penal Code.

The ACA subjects persons on federal lands to prosecution in federal court for violations of criminal statutes of the state in which the federal lands are located. The ACA has two main purposes. First, it fills gaps in the federal criminal code that governs federal enclaves. *United States v. Sharpnack*, 355 U.S. 286, 289, 78 S. Ct. 291, 293, 2 L. Ed. 2d 282 (1958). Second, it conforms the laws regulating a federal enclave to those of the state in which the enclave is located. *Id.* at 290-91, 78 S. Ct. at 294-95. In relevant part, the ACA provides that a person is

subject to federal prosecution under state laws if he or she "within or upon any [federal land] is guilty of any act or omission which, although not made punishable by any act of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . ." 18 U.S.C. § 13(a). The ACA specifically states that it incorporates state penal law pertaining to "operating a motor vehicle under the influence of a drug or alcohol . . . ." *Id.* at § 13(b)(1).

After a bench trial, the district court found that Collazo was driving while intoxicated on a road in Kelly AFB, a federal enclave, and thus he was guilty as charged. The district court then sentenced Collazo to three months' imprisonment, and ordered him to pay a one hundred dollar fine and a ten dollar special assessment.

II

Collazo argues that the district court erred in finding him guilty because the government did not establish at trial that he was in a "public place" while driving drunk, as required by § 49.04.

In considering an appeal from a criminal conviction in a bench trial, we will affirm a verdict of guilty if there is any substantial evidence to support it and if the evidence is sufficient to justify the trial judge, as trier of fact, in concluding beyond a reasonable doubt that the defendant was

3

guilty. *United States v. Davis*, 993 F.2d 62, 66 (5th Cir. 1993). It is not our task to weigh the evidence or determine the credibility of witnesses. *United States v. Jennings*, 726 F.2d 189, 190 (5th Cir. 1984). We must view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court. *United States v. Richardson*, 848 F.2d 509, 511 (5th Cir. 1988). Our review is the same whether the evidence is direct or circumstantial. *United States v. Ybarra*, 70 F.3d 362, 364 (5th Cir. 1995), *cert. denied*, __ U.S. __, 116 S. Ct. 1582, 134 L. Ed. 2d 679 (1996).

Prosecution under the ACA does not enforce state law but rather federal law assimilating state law. *United States v. Brown*, 608 F.2d 551, 553 (5th Cir. 1979). Thus, a state court's interpretation of an assimilated state law is merely persuasive authority. *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir. 1982).

The sentry who stopped Collazo testified that he saw Collazo driving on the three-lane road that led to Gate One and that Collazo was arrested on General Hudnell Drive where it passes through Gate One. Photographic evidence in the record supports this testimony and clearly indicates that Collazo was driving on a street. A street is defined as "an urban way or thoroughfare" and "includes all urban ways which can be and are generally used for travel . . . ." BLACK'S LAW DICTIONARY 1274 (6th ed. 1990).

4

Under Texas law, a street is per se a "public place" for purposes of § 49.04, and proof of driving on a street is sufficient to meet the "public place" element of § 49.04. *See* Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 1.07(a)(40) (defining "public place" as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets [and] highways"); *King v. State*, 732 S.W.2d 796, 803 (Tex. App. 1987, writ ref'd) (holding that the Texas legislature has declared that streets and highways, among other locations, are "public places" per se). While a defendant might argue that a street in a *restricted* area of a military base is not a public place, Collazo cannot seriously make that contention here. He was convicted of driving while intoxicated on a portion of a street on Kelly AFB which *led up to* a checkpoint permitting entry to the main part of the base. The photographic evidence indicates that any member of the public can drive up to Gate One without passing through a guarded gate. One photo, for instance, reveals a public bus in a line of traffic waiting to enter the base. Another photo shows that Gate One is adorned with a large "Welcome Kelly AFB" sign. Indeed, Collazo's very presence at Gate One suggests that the section of General Hudnell Drive he was on was a "public place." Collazo is a civilian who would not be allowed to enter a restricted area of a military base without special permission.

While the government did not specifically point out to the

district court that Collazo was driving in a public place, there is ample evidence in the record indicating that Collazo was driving on a portion of a street open to the public and, thus, in a "public place" for purposes of § 49.04. *See Tracey v. State*, 350 S.W.2d 563, 563 (Tex. Crim. App. 1961) (holding that road inside air force base was public place since at the time of the defendant's drunk driving, the road was open and traveled by the public); *Woodruff v. State*, 899 S.W.2d 443, 445 (Tex. App. 1995, writ ref'd) (ruling that "if the public has *any* access to the place in question, it is a public place"), *cert. denied*, __ U.S. __, 116 S. Ct. 945, 133 L. Ed. 2d 870 (1996); *United States v. Graef*, 31 F.3d 362, 364 (6th Cir. 1994) (ruling that defendant was driving in an area "open to the public" where he drove in an unrestricted part of federal enclave before crashing through security fence and ending up in restricted portion); *see also Nichols v. State*, 49 S.W.2d 783, 784 (Tex. Crim. App. 1932) (stating that "it would be intolerable to think that when investigating the criminal liability of the drunken driver of an automobile on a roadway, more or greater proof would be required to establish the character of the road, than that it was or is open for the use, or used by the public for traffic"); *cf. United States v. Hughes*, 542 F.2d 246, 248 n.1 (5th Cir. 1976) (stating that offense occurred on federal enclave and thus the court had jurisdiction because "[t]he record is replete with evidence of

exactly where on Fort Rucker the offense occurred and the district court could have taken judicial notice of the fact that certain named streets and intersections are located on the federal enclave").  Indeed, Collazo can muster no proof that he was *not* in a public place.  Thus, we find that the weight of the evidence, viewed in a light most favorable to the government, is sufficient to support the verdict.

Accordingly, we AFFIRM the judgment of the district court.