# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00357-CR

**Willie Hampton Bell, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 7472, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

After his motion to quash the indictment was overruled, appellant Willie Hampton Bell, Sr., pleaded guilty to felony driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2004-05). As called for in a plea bargain, the court assessed a six-year prison sentence and placed appellant on community supervision. Appellant's sole issue on appeal is whether the court erred by overruling the motion to quash. *See* Tex. R. App. P. 25.2(a)(2)(A). We will affirm.

Driving while intoxicated is a third degree felony if the defendant has previously been convicted two times for an "offense relating to the operating of a motor vehicle while intoxicated." Tex. Pen. Code Ann. § 49.09(b)(2). An "offense relating to the operating of a motor vehicle while intoxicated" includes an offense under section 49.04 and "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated." *Id*. § 49.09(c)(1)(A), (F). In this

cause, the indictment alleged that appellant had twice been convicted in the United States District Court, Western District of Texas, Waco Division for driving while intoxicated. Appellant argues that the enhancement allegations should have been quashed because the United States is not "another state," and therefore the two federal court convictions could not be used for enhancement under section 49.09(c)(1)(F). The State replies, and we agree, that section 49.09(c)(1)(F) is not applicable here.

Appellant was prosecuted in federal district court pursuant to the Assimilative Crimes Act. 18 U.S.C.A. § 13 (West 2000). Under this statute, a person who commits an act in a place subject to exclusive federal jurisdiction that is not a crime under federal law, but that would be a crime if committed within the jurisdiction of the state in which the place is located, "shall be guilty of a like offense and subject to a like punishment." *Id*. § 13(a). "The purpose of the Assimilated [*sic*] Crimes Act . . . is to provide a set of criminal laws for federal enclaves by using the criminal law of the local state to fill gaps in federal criminal law." *United States v. Teran*, 98 F.3d 831, 834 (5th Cir. 1996). The state offense is "imported into federal law through the ACA." *Id*.

Although appellant's previous convictions were in federal court, the convictions were for offenses under Texas Penal Code section 49.04.[1] They were properly used for enhancement under section 49.09(c)(1)(A). Section 49.09(c)(1)(F) is not implicated in this cause, and we express no opinion as to whether the United States should be considered "another state" within the meaning of that subsection.

---

[1] The earlier judgment states that the prosecution was under "18 USC 13 & Texas Penal Code § 49.04." The more recent judgment states that the prosecution was under "18 USC 13 & Texas Penal Code § 49.09(a)."

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   July 20, 2005

Publish