United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51237

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ESCARCEGA-MEDINA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:04-CR-50-ALL

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Antonio Escarcega-Medina was convicted of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) (2000). On appeal, Escarcega challenges his conviction on the ground that he is a citizen of the United States pursuant to 8 U.S.C. § 1401. After carefully considering Escarcega's claim in light of the briefs and pertinent portions of the record, we find that the evidence was sufficient to support Escarcega's conviction. However, we vacate his sentence because it

---

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

violated the Sixth Amendment.

To establish a violation of section 1326, the Government was required to prove that Escarcega was (1) an alien; (2) previously excluded, deported, or removed; and (3) found in the United States without the permission of the Attorney General or the Secretary of the Department of Homeland Security. 8 U.S.C. § 1326. Escarcega challenges only the first element.

"[T]he test for evidential sufficiency is whether any substantial evidence supports the finding of guilty and whether the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty." *United States v. Davis*, 993 F.2d 62, 66 (5th Cir. 1993). The Government presented evidence that Escarcega was born in Mexico, that he had previously been issued an immigrant visa, and that he had been deported on multiple occasions. The Government thus provided the district court with sufficient evidence that Escarcega was an alien in violation of section 1326.

The district court concluded that the evidence of citizenship was insufficient to raise a reasonable doubt. It implicitly found incredible Escarcega's evidence that he had derivative citizenship by virtue of his mother's citizenship. Such was the court's prerogative as factfinder. Escarcega's conviction is therefore AFFIRMED.

Escarcega also brings a Sixth Amendment challenge to his

sentence under the then-mandatory Guidelines.  Escarcega's *Blakely* objection before the district court properly preserved this issue for appeal.  The Government concedes that it cannot meet its burden of proving "beyond a reasonable doubt that the district court would not have sentenced [the defendant] differently had it acted under an advisory Guidelines regime."  *United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1444 (2006).  Accordingly, Escarcega's sentence is VACATED and his case is REMANDED for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005).[1]

CONVICTION AFFIRMED.  SENTENCE VACATED AND REMANDED.

---

[1]  The judgment of the district court incorrectly states that Escarcega was convicted following a jury, rather than a bench, trial.  On remand, the district court may correct this clerical error.  *See United States v. Powell*, 354 F.3d 362, 371 (5th Cir. 2003).

3