IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1230-05






WILLIE HAMPTON BELL, SR., Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


 LAMPASAS COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Driving while intoxicated (DWI) is a third-degree felony if the defendant has twice been
convicted of an "offense relating to the operating of a motor vehicle while intoxicated." (1) An
"offense relating to the operating of a motor vehicle while intoxicated" means (for purposes of this
case) an "offense under Section 49.04." (2) The issue in this case is whether a prior DWI conviction
in federal court for a violation of Section 49.04 under the federal Assimilative Crimes Act (ACA)
set out in 18 U.S.C. § 13 is a conviction for an "offense under Section 49.04." (3)

 The indictment charged appellant under state law with a third-degree felony of driving while
intoxicated and alleged that appellant committed the primary offense in Lampasas County. An
enhancement paragraph in the indictment, which elevated the offense to a third-degree felony,
alleged that appellant had two prior DWI convictions in federal court. (4) Both judgments reflecting
these two prior convictions refer to18 U.S.C. § 13. One of these judgments also refers to Section
49.04 and the other judgment refers to Section 49.09(a), Tex. Pen. Code. (5) For example, the "Title
and Section" portion of the judgment reflecting one of the DWI convictions in federal court refers
to "18 USC 13 & Texas Penal Code § 49.04."

 Claiming that the two prior DWI convictions in federal court could not be used for
enhancement purposes in the state DWI prosecution, appellant filed a motion to quash the
enhancement paragraph. The trial court denied appellant's motion to quash, and appellant appealed
after he pleaded guilty and was assessed a probated sentence. The Court of Appeals decided that the
two prior DWI convictions in federal court could be used for enhancement purposes in the state DWI
prosecution under Section 49.09(b)(2) and Section 49.09(c)(1)(A). See Bell v. State, 170 S.W.3d
193, 194 (Tex.App.-Austin 2005). We granted review. The ground upon which we granted review
states:

 The Third Court of Appeals incorrectly decided that misdemeanor convictions under
the Assimilative Crimes Act, 18 U.S.C. § 13 (2004) that are based on the
incorporation of Tex.Pen.Code §§ 49.04 and 49.09 into federal law constitute "an
offense under Section 49.04" for the purpose of the enhancement provisions of
Tex.Pen.Code §§ 49.09(b)(2) and (c)(1).


 In Lewis v. State, 523 U.S. 155, 160-61 (1998), the United States Supreme Court described
the basic purpose of the federal Assimilative Crimes Act as follows:

 The ACA's basic purpose is one of borrowing state law to fill gaps in the federal
criminal law that applies on federal enclaves. (Citations omitted).


 In the 1820's [sic], when the ACA began its life, federal statutory law punished only
a few crimes committed on federal enclaves, such as murder and manslaughter. 
(Citation omitted). The federal courts lacked the power to supplement these few
statutory crimes through the use of the common law. (Citation omitted). 
Consequently James Buchanan, then a Congressman, could point out to his fellow
House Members a "palpable defect in our system," namely that "a great variety of
actions, to which a high degree of moral guilt is attached, and which are punished .
. . at the common law, and by every State . . . may be committed with impunity" on
federal enclaves. (Citation omitted). Daniel Webster sought to cure this palpable
defect by introducing a bill that both increased the number of federal crimes and also
made "the residue" criminal, (citation omitted), by assimilating state law where
federal statutes did not provide for the "punishment" of an "offence."[ (6)] (Citation
omitted). This law, with only a few changes, has become today's ACA. (Citation
omitted).


 We understand appellant to argue that his two prior DWI convictions in federal court cannot
be used for enhancement purposes in the state DWI prosecution because these prior convictions are
convictions under federal law and not convictions for an "offense under Section 49.04" as required
by Section 49.09(c)(1)(A). For example, appellant argues in his brief:

 The recitation in the judgments as to the statute which had been assimilated was not
an indication that the person was convicted under a state statute, but a shorthand
reference to show what type of offense was being assimilated into the stature [sic] of
conviction. The statute of conviction is 18 U.S.C. § 13. The references to §§ 49.04
and 49.09 are to show what particular assimilated statute is being [sic] to supply the
elements of conviction. Texas has long used the same method with convictions for
attempted criminal conduct. When a person is convicted for attempted criminal
conduct, he is convicted under [Section 15.01, Tex. Pen. Code], not the statute that
sets out the elements of the offense attempted. (Citations omitted).


 A "substantive" offense is "assimilated" into § 15.01 in the same way that the
elements of a state offense are "assimilated" into federal law. § 15.01 is a statute that
applies elements of other statutes by referring to them and incorporating them into
its application. A judgment that says a person is convicted of Criminal Attempt says
exactly nothing, since almost any offense may be attempted. There would be no way
to know the subject of the conviction. There would be no way to determine whether
the trial court has jurisdiction over the offense of conviction. There would be no way
to know the applicable punishment range for the offense of conviction and whether
or not, on the face of the judgment, the punishment assessed falls within the legally
permitted range. Fulfilling each of those needs by referring to an offense as
Attempted "X" and referring to § 15.01 and the applicable "substantive" statute will
not change the conviction into one for the "substantive" offense. Similarly, such a
reference in a federal judgment does not transform the federal assimilated crime into
a conviction under the assimilated state statute.

 

 We agree with appellant that his two prior DWI convictions in federal court under the ACA
are convictions under federal law. But, the ACA's language and its basic purpose demonstrate that
these are also convictions for an "offense under Section 49.04" as required by Section 49.09(c)(1)(A)
and as stated in the judgments in the federal DWI prosecutions under the ACA. Appellant's analogy
to Texas' criminal attempt statute in Section 15.01 fails because a criminal attempt to commit a
substantive offense cannot by its very nature assimilate the entire substantive offense in the same
way that the ACA assimilates the entire substantive state crime. See § 15.01(a) (person commits
offense if, with specific intent to commit an offense, the person does an act amounting to more than
mere preparation that tends but fails to effect the commission of the offense intended). (7)

 We hold that federal ACA convictions assimilating a state-law offense contained in Section
49.04 may be used for enhancement purposes under Section 49.09(b)(2). This is consistent with the
plain language of Section 49.09(b)(2) and its obvious legislative intent to punish those who commit
multiple DWIs more harshly than those who do not.

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.


Delivered: September 13, 2006

Publish
1. See Section 49.04(a), Tex. Pen. Code; Section 49.09(b)(2), Tex. Pen. Code. 
2. See Section 49.09(c)(1)(A), Tex. Pen. Code.
3. 18 U.S.C. § 13(a) provides:


 Whoever within or upon any of the places now existing or hereafter reserved or
acquired as provided in [citation omitted], or on, above or below any portion of the
territorial sea of the United States not within the jurisdiction of any State,
Commonwealth, territory, possession, or district is guilty of any act or omission
which, although not made punishable by any enactment of Congress, would be
punishable if committed or omitted within the jurisdiction of the State, Territory,
Possession, or District in which such place is situated, by the laws thereof in force
at the time of such act or omission, shall be guilty of a like offense and subject to a
like punishment.
4. Appellant's brief asserts that he committed these two DWIs on a federal military base.
5. Section 49.09(a) elevates a DWI offense from a Class B to a Class A misdemeanor if the
defendant has one prior DWI conviction. See also Section 49.04(b), Tex. Pen. Code.
6. Appellant does not claim that federal law provided a punishment for the two DWIs that he
committed on a federal enclave.
7. Appellant also relies on a portion of a Fifth Circuit case that states, "Prosecution under the
ACA does not enforce state law but rather federal law assimilating state law." United States v.
Collazo, 117 F.3d 793, 795 (5th Cir. 1997). This statement was made in connection with the
proposition that "a state court's interpretation of an assimilated state law [in an ACA federal
prosecution] is merely persuasive authority." See id. Collazo actually supports our holding in this
case. In Collazo, the defendant was charged with a violation of Section 49.04 committed on a
federal military installation. See Collazo, 117 F.3d at 794-95. The issue in Collazo was whether the
evidence was sufficient to support a finding that appellant "was in a 'public place' while driving
drunk." See id. The Fifth Circuit's decision in Collazo begins with the statement that appellant
appealed "his conviction on one count of operating a motor vehicle while intoxicated in violation
of [Section 49.04] as incorporated into federal law by the [ACA]." See Collazo, 117 F.3d at 794
(emphasis supplied). The Fifth Circuit also described the ACA as subjecting "persons on federal
lands to prosecution in federal court for violations of criminal statutes of the state in which the
federal lands are located." See id. Appellant's reliance on Collazo is misplaced.