**AFFIRM; and Opinion Filed July 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01275-CR

**MUHAMMAD WASEEM CHUGHTAI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82673-2014**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Fillmore

Muhammad Waseem Chughtai was charged with driving while intoxicated (DWI), enhanced to a felony by two prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West Supp. 2015). The jury found Chughtai guilty of felony DWI, made an affirmative finding that a deadly weapon was used during the commission of the offense, and assessed punishment of four years' imprisonment and a $10,000 fine. Chughtai contends the evidence is insufficient to support the verdict because it failed to establish that he had two prior convictions for DWI. We affirm the trial court's judgment.

## Background[1]

Chughtai was arrested for DWI on April 7, 2014, and a grand jury indicted him for the offense. In two enhancement paragraphs, the indictment alleged Chughtai had two prior DWI convictions: (1) a misdemeanor conviction in County Court at Law No. 3 of Collin County, Texas, on September 15, 1992; and (2) a felony conviction in the 363rd Judicial District Court of Dallas County, Texas, on February 25, 2000. If proven, the two prior convictions enhanced the April 7, 2014 DWI charge to a third-degree felony. *Id.* § 49.09(b)(2).

During the guilt phase of the trial, the State offered certified documents to prove the two prior convictions for DWI. State's Exhibit 12 consisted of (1) the judgment of conviction from Dallas County stating that Chughtai pleaded *nolo contendere* and, pursuant to a plea bargain, was assessed punishment of five years' imprisonment suspended for two years and a $500 fine; (2) the terms of Chughtai's probation, indicating it was "regular probation"; (3) the indictment, which included two enhancement paragraphs based on prior DWI convictions; (4) the affidavit for arrest warrant; and (5) an "Order Setting Aside Judgement of Conviction Dismissing the Indictment and Discharging Defendant from Probation." Chughtai objected that State's Exhibit 12 was inadmissible because the conviction had been set aside and he was released from all penalties and disabilities resulting from the conviction. The trial court overruled Chughtai's objection and admitted the exhibit.

After the State rested its case-in-chief, Chughtai moved for a directed verdict on the ground the State failed to prove he had two prior convictions for DWI. The trial court denied the motion for directed verdict. Chughtai also unsuccessfully objected to the charge because it instructed the jury to find him guilty if it determined beyond a reasonable doubt that he

---

[1] Chughtai does not dispute that he operated a motor vehicle while intoxicated on April 7, 2014. Accordingly, we set out only those facts necessary to address his complaint on appeal.

committed DWI on April 7, 2014, and had previously been convicted of DWI in Collin County on September 15, 1992, and in Dallas County on February 25, 2000. The jury found Chughtai guilty of felony DWI, made an affirmative finding that a deadly weapon was used during the commission of the offense, and assessed punishment of four years' imprisonment and a $10,000 fine.

**Analysis**

Chughtai contends the evidence is insufficient to support the judgment because his February 25, 2000 conviction for DWI in Dallas County was set aside and no longer constitutes a prior conviction for purposes of enhancing the April 7, 2014 DWI offense.

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Fernandez v. State*, 479 S.W.3d 835, 837 (Tex. Crim. App. 2016). We examine all the evidence presented in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319; *Fernandez*, 479 S.W.3d at 837–38. When evaluating a sufficiency challenge, we must consider all of the evidence presented, whether properly or improperly admitted. *Fuller v. State*, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992); *Ervin v. State*, 333 S.W.3d 187, 200 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). "[J]urors do not act irrationally taking such evidence into account, since they are bound to receive the law from the trial judge. All evidence which the trial judge has ruled admissible may therefore be weighed and considered by the jury, and a reviewing court is obliged to assess the jury's factual findings from this perspective." *Thomas v. State*, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988).[2] Evidence is sufficient if "the inferences necessary to establish guilt are

---

[2] *See also Jones v. State*, No. 14-14-00404-CR, 2016 WL 2605687, at *3 (Tex. App.—Houston [14th Dist.] May 5, 2016, no pet. h.) (mem. op., not designated for publication).

reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

A person commits DWI by operating a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a). The offense is a Class B misdemeanor, except as provided by subsections (c) and (d) of section 49.04 or by section 49.09 of the penal code. *Id.* § 49.04(b). As relevant here, section 49.09 enhances an offense under section 49.04 to a third degree felony if it is established the person has previously been convicted two times of any offense, other than intoxication manslaughter, relating to operating a motor vehicle while intoxicated. *Id.* § 49.09(b)(2). Chughtai does not contest that he was operating a motor vehicle while intoxicated on April 7, 2014, but argues only that the evidence is insufficient to establish he had been previously convicted two times of DWI.

The evidence admitted at trial established, and Chughtai does not dispute, that he was previously convicted of misdemeanor DWI in Collin County on September 25, 1992. Further, State's Exhibit 12 included a February 25, 2000 judgment convicting Chughtai of felony DWI in Dallas County.[3] Accordingly, there was sufficient evidence for a rational jury to find that Chughtai had two prior convictions for DWI.

Chughtai argues the February 25, 2000 judgment convicting him of felony DWI in Dallas County was "no longer available" to establish he was previously convicted of DWI because the evidence also established that the Dallas County district court set aside the conviction and dismissed the indictment pursuant to the code of criminal procedure.[4] The code of criminal

---

[3] Chughtai has not complained on appeal about the trial court's decision to admit this exhibit into evidence

[4] The February 25, 2000 conviction was based on an offense that occurred on September 26, 1998. At the time of the offense, section 20(a) of the code of criminal procedure provided:

REDUCTION OR TERMINATION OF COMMUNITY SUPERVISION.

(a)    At any time, after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration

–4–

procedure, however, does not authorize the setting aside of a conviction and dismissal of an indictment following a DWI conviction. *Anderson v. State*, 110 S.W.3d 98, 99 (Tex. App.—Dallas 2003, no pet.); *see also Jordy v. State*, 969 S.W.2d 528, 533–34 (Tex. App.—Fort Worth 1998, no pet.); *Mahaffey v. State*, 937 S.W.2d 51, 54–55 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Accordingly, the Dallas district court lacked authority to set aside the 2000 DWI conviction, dismiss that indictment, and release Chughtai from all penalties and disabilities resulting from that judgment of conviction; and that portion of the Order Setting Aside Judgement of Conviction Dismissing the Indictment and Discharging Defendant from Probation is a nullity and is void. *See Anderson*, 110 S.W.3d at 99.[5]

---

of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that:

(1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense; and

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received community supervision under this article in issuing, renewing, denying, or revoking a license under that chapter.

(b)   This section does not apply to a defendant convicted of an offense under Sections 49.04–49.08, Penal Code, or a defendant convicted of an offense punishable as a state jail felony.

Act of May 29, 1993, 73rd Leg., R.S. ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3739 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20 (West Supp. 2015)); *see also Yazdchi v. State,* 428 S.W.3d 831, 838–39 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1158 (2015); *Cuellar v. State*, 70 S.W.3d 815, 818–19 (Tex. Crim. App. 2002) (discharge under article 42.12, § 20 is matter of "judicial clemency" within trial court's sole discretion).

[5] Chughtai also argues the Dallas County district court had the authority to set aside the 2000 conviction and dismiss the indictment because that conviction was for felony DWI under section 49.09 of the penal code, and not for an offense under sections 49.04 through 49.08. However, as relevant here, section 49.09 of the penal code enhances an offense under section 49.04 to a felony of the third degree if it is shown the defendant has previously been convicted two times of DWI. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3697–98 (current version at TEX. PENAL CODE ANN. § 49.09(b), (c)); *see also Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999) ((prior intoxication-related convictions serve purpose of enhancing offense). Accordingly, the February 25, 2000 conviction for felony DWI was an offense under section 49.04 of the penal code, enhanced to a felony of the third degree under section 49.09 by two prior convictions for DWI, *see Bell v. State*, 201 S.W.3d 708, 709 (Tex. Crim. App. 2006) (for purposes of section 49.09, "'offense relating to the operating of a motor vehicle while intoxicated' means (for purposes of this case) an 'offense under Section 49.04'"), and the Dallas County district court did not have authority to set aside that conviction and dismiss the indictment. *See Anderson*, 110 S.W.3d at 99.

We conclude the evidence was sufficient to establish Chughtai had previously been convicted two times of DWI. We resolve Chughtai's issue against him and affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151275F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MUHAMMAD WASEEM CHUGHTAI,
Appellant

No. 05-15-01275-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 219-82673-2014.
Opinion delivered by Justice Fillmore,
Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of July, 2016.