**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2019

Lyle W. Cayce
Clerk

No. 18-51080
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASHLEY R. HAMBRIGHT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Ashley R. Hambright was charged by Information with one count of driving while intoxicated on the grounds of a military joint base. *See* 18 U.S.C. § 13; TEX. PENAL CODE § 49.04. Following a bench trial, the magistrate judge sentenced Hambright to twelve months of supervised probation. Hambright appealed to the district court and her conviction was affirmed. We apply the same standard of review used by the district court, "review[ing] the magistrate judge's findings of fact for clear error and conclusions of law de novo." *United States v. Vasquez-Hernandez*, 924 F.3d 164, 168 (5th Cir. 2019) (quoting *United States v. Hollingsworth*, 783 F.3d 556, 558 (5th Cir. 2015)). In the absence of

No. 18-51080

clear error, we will not disturb the magistrate judge's credibility findings. *United States v. Cormier*, 639 F.2d 1177, 1182 (5th Cir. 1981).

During the trial, Hambright testified that she had taken Benadryl the night of her arrest, but she affirmed that she did not feel intoxicated. She also testified that she had not ingested any other substance that caused her to feel intoxicated. She argues that the magistrate judge improperly discredited her testimony, relying instead on the testimony of a base law enforcement officer who explained that he smelled alcohol on Hambright's breath and that Hambright exhibited behavior consistent with intoxication. Despite Hambright's assertions to the contrary, the magistrate judge was not required to credit her testimony, and his decision to credit the officer's version of the events over hers was not clearly erroneous. *See, e.g.*, *Mid-Continental Cas. Co. v. Davis*, 683 F.3d 651, 654 (5th Cir. 2012) ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985)). Hambright's additional argument that the magistrate judge improperly considered her reasons for testifying are likewise unsupported by the record.

Furthermore, contrary to Hambright's assertions, the record shows that the magistrate judge held the Government to its burden of proving that Hambright lacked "the normal use of her mental or physical faculties" by reason of having used "alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance." *See* § 13; TEX. PENAL CODE §§ 49.01(2)(A), 49.04(a); *United States v. Collazo*, 117 F.3d 793, 794 (5th Cir. 1997). Though the magistrate judge observed that the specific identity of the intoxicant was not relevant to Hambright's guilt, the magistrate judge did not relieve the Government of its

burden of demonstrating causation under the statute. To the contrary, the evidence adduced at the bench trial established that Hambright had been to a bar just before the incident, was slurring her speech and had bloodshot eyes, failed several "technical" intoxication tests, used perfume to cover the smell of alcohol, and behaved belligerently throughout her interaction with the officers. This evidence was "sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty." *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013) (quoting *United States v. Esparza*, 678 F.3d 389, 392 (5th Cir. 2012)). As a result, Hambright has shown no error by the magistrate judge or the district court in her trial, conviction, or appeal. *See Hollingsworth*, 783 F.3d at 558.

The decision of the district court is AFFIRMED.