# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50824
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ZIECHIDIAS CALEB,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2260-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ziechidias Caleb appeals his conviction of possession with intent to distribute marijuana. He argues that the evidence was insufficient to prove that he possessed the marijuana or knew of its presence and that there was insufficient evidence to support venue in the Western District of Texas.

Regarding the sufficiency of the evidence as to the elements of knowledge and possession, we consider whether, viewing the evidence and all reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inferences in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). The trial evidence established that a canine at the Sierra Blanca checkpoint in the Western District of Texas alerted to a suitcase in the luggage compartment of a Greyhound bus, and the testimony of two border patrol agents and the bus driver indicated that Caleb's name was on a Greyhound tag attached to the suitcase.

The border patrol agents testified that one of the agents attempted to locate Caleb aboard the bus first by announcing his name and then by displaying the suitcase but that Caleb did not respond during either attempt. The agents testified that after Caleb was located through a row-by-row inspection of each passenger's bus ticket, Caleb stated that the suitcase "look[ed] like" it was his suitcase. Caleb's failure to come forward when his name was announced and the suitcase was displayed presented sufficient circumstantial evidence of consciousness of guilt that the suitcase contained marijuana and belonged to him. *See United States v. Lopez-Monzon*, 850 F.3d 202, 206-07 (5th Cir. 2017); *United States v. Davis*, 993 F.2d 62, 66 (5th Cir. 1993). While Caleb argues that the bus driver was more credible in testifying that the agents only performed a row-by-row search for Caleb and did not announce his name or display the suitcase, it is within the sole province of the jury to evaluate the credibility of witnesses and to choose among reasonable constructions of the evidence. *United States v. Velasquez*, 881 F.3d 314, 328 (5th Cir.), *cert. denied*, 139 S. Ct. 138 (2018).

Furthermore, possession of a controlled substance may be proven by either direct or circumstantial evidence, may be actual or constructive, and may be joint with others. *United States v. Ramos-Cardenas*, 524 F.3d 600, 605

(5th Cir. 2008).  The evidence that the Greyhound tag that was attached to the suitcase contained Caleb's name and that Caleb stated the suitcase "look[ed] like" his suitcase presented a sufficient basis for a rational juror to conclude beyond a reasonable doubt that the suitcase was Caleb's and that he had control over the suitcase and constructively possessed it.  *See United States v. Fells*, 78 F.3d 168, 170-71 (5th Cir. 1996); *Davis*, 993 F.2d at 66.  The defense's theory that someone other than Caleb may have been responsible for the suitcase also was undercut by evidence that the suitcase was checked as excess baggage by a passenger who would remain on the same bus as the suitcase, the excess-baggage fee for the suitcase was paid for shortly after Caleb purchased his bus ticket, and the suitcase and Caleb both had the same departure city, Indio, California, and the same final destination, Greenville, South Carolina.  Viewing the evidence and all reasonable inferences in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt the elements of knowledge and possession.  *See Fells*, 78 F.3d at 170-71; *Davis*, 993 F.2d at 66.

Regarding venue, Caleb argues that the evidence was insufficient to prove that he possessed the marijuana in the Western District of Texas because Greyhound retained the care, custody, and control of the suitcase during the bus trip after it was checked as luggage in California.  The relevant question on de novo review is whether, after considering the evidence in the light most favorable to the verdict, "a rational jury could conclude that the government established venue by a preponderance of the evidence."  *United States v. Romans*, 823 F.3d 299, 309 (5th Cir. 2016) (internal quotation marks and citation omitted).

Assuming that Caleb's appellate challenge to venue has not been waived, there was sufficient evidence to prove by a preponderance of the evidence that

No. 18-50824

Caleb had constructive possession of the suitcase and marijuana while the bus traveled through the Western District of Texas, as the Greyhound tag on the suitcase showed that the suitcase belonged to Caleb. *See Fells*, 78 F.3d at 169-71; *United States v. Catano*, 553 F.2d 497, 500 n.3 (5th Cir. 1977).

AFFIRMED.